**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
E-Mail:  scott@bursor.com

*Attorneys for Plaintiffs Magier and Reyes*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| *In re Trader Joe's Tuna Litigation* | Case No. 2:16-cv-01371-ODW-AJW<br><br>**PLAINTIFFS MAGIER AND REYES' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS AMY JOSEPH, CHRISTINE SHAW, AND KATHY ALIANO'S MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**<br><br>Date:    December 5, 2016<br>Time:   1:30 p.m.<br>Ctrm:   Courtroom 5D, 5th Floor<br><br>Hon. Otis D. Wright II |

# TABLE OF CONTENTS

**PAGE(S)**

I.  INTRODUCTION ................................................................................................ 1

II. THE *JOSEPH*, *ALIANO*, AND *SHAW* MATTERS ARE DUPLICATIVE CLASS ACTIONS THAT WERE FILED MONTHS AFTER *MAGIER*, AND SIMPLY COPIED THE TEST RESULTS FROM *MAGIER* ................................................................. 2

III. APPOINTING AUDET & PARTNERS, LLP AND SULLIVAN, KRIEGER, TROUNG, SPAGNOLA & KLAUSER AS CO-LEAD INTERIM CLASS COUNSEL IS BLOATED AND UNNECESSARY ................................................................................. 4

IV. AS DEMONSTRATED BY THEIR PERFORMANCE IN *HENDRICKS V. STARKIST*, BURSOR & FISHER IS CAPABLE OF MANAGING THIS LITIGATION ON ITS OWN ................................... 4

V.  PLAINTIFFS JOSEPH, ALIANO, AND SHAW'S MOTION WAS IMPROPERLY NOTICED AND SHOULD NOT BE CONSIDERED ................................................................................. 6

VI. MR. ZIMMERMAN'S CRITICISMS OF BURSOR & FISHER ARE IRRELEVANT AND FACTUALLY INCORRECT ............................. 7

VII. CONCLUSION ................................................................................................ 9

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Ebin, et al. v. Kangadis Foods, et al.*,
   No. 13-cv-02311 (S.D.N.Y.) .................................................................... 7, 8

*Hendricks v. StarKist Co.*,
   No. 13-cv-00729 (N.D. Cal.) .................................................................. passim

*Joseph, et al. v. Monster, Inc., et al.*,
   No. 15 CH 13991 (Cook Cnty., IL) ............................................................... 8

*North American Olive Oil Association v. Kangadis Food Inc.*,
   No. 13-cv-00868 (S.D.N.Y.) ........................................................................ 8

*Powers v. Eichen*,
   229 F.3d 1249 (9th Cir. 2000) .................................................................. 1, 4

*Vincelli v. National Home Health Corp.*,
   112 F. Supp. 2d 1309 (M.D. Fla. 2000) ....................................................... 4

**STATUTES**

New York Gen. Bus. Law § 349 ......................................................................... 3

New York Gen. Bus. Law § 350 ......................................................................... 3

**RULES**

Fed. R. Civ. P. 23 ................................................................................................ 8

Fed. R. Civ. P. 23(g) .......................................................................................... 6

Fed. R. Civ. P. 23(g)(3) ..................................................................................... 7

**REGULATIONS**

21 C.F.R. § 161.190(c) ............................................................................... 1, 2, 5

**OTHER AUTHORITIES**

L.R. 6-1 ............................................................................................................... 6

L.R. 7-3 ............................................................................................................... 6

Manual for Complex Litig., § 10.221 (4th ed. 2004) ........................................ 4

Plaintiffs Sarah Magier and Atzimba Reyes submit this memorandum of law in opposition to Plaintiffs Amy Joseph, Christine Shaw, and Kathy Aliano's motion to "appoint[] Audet & Partners, LLP and Sullivan, Krieger, Troung, Spagnola & Klauser … as Interim Co-Lead Class Counsel." *See* 11/7/16 Plf. Joseph's Br. at 1 (Dkt. 21).

## I. INTRODUCTION

As set forth in their motion, Plaintiffs Magier and Reyes propose that the Court appoint their counsel, Bursor & Fisher, P.A., as sole interim class counsel. Bursor & Fisher is uniquely qualified to serve in that role given that: (i) Bursor & Fisher independently investigated Plaintiffs Magier and Reyes' claims and filed the *Magier* matter on January 5, 2016, roughly *eight weeks* before the filing of the duplicative *Joseph* and *Aliano* matters, and *fifteen weeks* before the duplicative *Shaw* matter, (ii) the *Joseph*, *Aliano*, and *Shaw* complaints simply *copied* the proprietary testing that Bursor & Fisher commissioned (and paid for) with the U.S. National Oceanic and Atmospheric Administration ("NOAA"), and (iii) in *Hendricks v. StarKist Co.*, No. 13-cv-00729-HSG (N.D. Cal.) (Gilliam, J.), Bursor & Fisher, acting as sole counsel, successfully resolved virtually identical claims involving the underfilling of StarKist-brand 5-ounce cans of tuna in contravention of 21 C.F.R. § 161.190(c), resulting in a landmark settlement valued at $12 million dollars, which received the largest number of claims from class members ever submitted in the history of class actions. *See* 11/7/16 Bursor Decl. Exs. A-B.

In fact, based on the firm's performance in *StarKist*, Judge Haywood S. Gilliam, Jr. found that an award of attorneys' fees of "30% of the total recovery, or $3.6 million, [wa]s appropriate" for Bursor & Fisher. *See id.* Ex. A at 20. When making this award, the *StarKist* court acknowledged that it was "an upward departure from the 25% benchmark" set by the Ninth Circuit as a "starting point" for attorneys' fees in common fund settlements. *See id.* at 17-22; *see also Powers v.*

*Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000) ("We have also established twenty-five percent of the recovery as a 'benchmark' for attorneys' fees calculations under the percentage-of-recovery approach."). That said, the *StarKist* court concluded that such a departure was warranted given the "favorable" terms of the settlement, the risks of litigation, and the financial burden carried by Bursor & Fisher. *See* 11/7/16 Bursor Decl. Ex. A at 17-22.[1] Plainly, Judge Gilliam was satisfied with Bursor & Fisher's performance as sole class counsel in a case about StarKist-brand tuna. Here, there is no reason to believe that a case about Trader Joe's-brand tuna would be any different.

Given these considerations, Bursor & Fisher should serve as sole interim class counsel. The firm has already demonstrated that they are perfectly capable of managing this litigation alone, given their leading role in investigating the facts at issue and bringing the first-filed complaint. Additionally, the firm's performance in resolving the *StarKist* matter demonstrates that it has the resources and experience to bring this matter to a satisfactory resolution for the benefit of the class.

## II. THE *JOSEPH*, *ALIANO*, AND *SHAW* MATTERS ARE DUPLICATIVE CLASS ACTIONS THAT WERE FILED MONTHS AFTER *MAGIER*, AND SIMPLY COPIED THE TEST RESULTS FROM *MAGIER*

As of this date, four cases have been filed that concern the alleged underfilling of Trader Joe's-brand tuna in violation of 21 C.F.R. § 161.190(c). Five separate law firms represent the plaintiffs in these three cases. However, the *Joseph*, *Aliano*, and *Shaw* matters are duplicative of the claims brought in the first-filed *Magier* matter.

On January 5, 2016, Plaintiff Magier, through her counsel Bursor & Fisher, filed a Rule 23 class action against Defendants Trader Joe's Company and Trader Joe's East Inc., on behalf of a class of consumer purchasers of Trader Joe's-brand

---

[1] The *StarKist* court also found that "the billing rates used by [Bursor & Fisher] to calculate the lodestar are reasonable and in line with prevailing rates in this District for personnel of comparable experience, skill, and reputation." *Id.* at 20-21.

5-ounce canned tuna products, alleging that Defendants' tuna "was underfilled in violation of the federally mandated minimum standard of fill." *See* 1/5/16 *Magier* Class Action Complaint ¶ 1, No. 16-cv-00043 (Dkt. 1). Plaintiff Magier's allegations were supported by proprietary testing that Bursor & Fisher commissioned with NOAA, which showed "nearly every single can[] was underfilled" out of 144 cans in total. *Id.* ¶¶ 1-7. Accordingly, Plaintiff Magier sought relief for breach of express warranty, breach of the implied warranty of merchantability, breach of the implied warranty of fitness for a particular purpose, unjust enrichment, violation of New York Gen. Bus. Law § 349, violation of New York Gen. Bus. Law § 350, negligent misrepresentation, and fraud. *Id.* ¶ 8.

Then, *eight weeks later*, on February 26, 2016, Plaintiffs Joseph and Aliano filed duplicative Rule 23 class actions concerning the alleged underfilling of Trader Joe's-brand tuna. And over *fifteen weeks* later, on April 19, 2016, Plaintiff Shaw filed another duplicative Rule 23 class action concerning the alleged underfilling of Trader Joe's-brand tuna.

Just like the original *Magier* filing, the *Joseph*, *Aliano*, and *Shaw* matters are nationwide Rule 23 class actions brought on behalf of consumer purchasers of Trader Joe's-brand canned tuna. *Compare Magier* Compl. ¶¶ 15-16 *with Joseph* Compl. ¶ 35, *Aliano* Compl. ¶¶ 32-33, and *Shaw* Compl. ¶ 21. Furthermore, the Magier complaint bases its allegations on proprietary testing that Bursor & Fisher conducted with NOAA. *See* Magier Compl. ¶¶ 1-7. In turn, the results of this testing are simply copied into the *Joseph*, *Aliano*, and *Shaw* complaints. *Compare with Joseph* Compl. ¶ 19, *Aliano* Compl. ¶ 19, and *Shaw* Compl. ¶ 19. The Court should not reward Plaintiffs' counsel in *Joseph*, *Aliano*, and *Shaw* for filing these duplicative class actions.

Given these considerations, it is sensible to appoint Bursor & Fisher as sole interim class counsel. Bursor & Fisher paved the way. It was the only firm to

conduct its own testing, and it brought virtually identical legal claims to the *Joseph*, *Aliano*, and *Shaw* matters several <u>months</u> before those cases were on file.

### III. APPOINTING AUDET & PARTNERS, LLP AND SULLIVAN, KRIEGER, TROUNG, SPAGNOLA & KLAUSER AS CO-LEAD INTERIM CLASS COUNSEL IS BLOATED AND UNNECESSARY

On October 11 and 18, 2016, the other plaintiffs' firms informed Bursor & Fisher that they proposed a leadership structure whereby each of the firms would share in responsibility. *See* 11/14/16 Bursor Decl. ¶ 3. However, Bursor & Fisher rejected that proposal, believing that having multiple law firms on the case was bloated and unnecessary, would unnecessarily increase attorneys' fees for the class, and does not promote judicial efficiency. *See id.*; *see also* Manual for Complex Litig., § 10.221 (4th ed. 2004) (noting that "Committees of counsel can sometimes lead to substantially increased costs"); *see also Vincelli v. National Home Health Corp.*, 112 F. Supp. 2d 1309, 1319 (M.D. Fla. 2000) (refusing "the appointment of an executive committee consisting of five firms [because it would] not promote the efficient prosecution of the case" and could "burden the Plaintiff Class with additional counsel fees, delay or confusion which would result from the appointment of multiple counsel."). In fact, no effort has been made to demonstrate why the leadership structure proposed by the other plaintiffs' firms is necessary in this case, or what these additional firms would contribute to the case.

### IV. AS DEMONSTRATED BY THEIR PERFORMANCE IN *HENDRICKS V. STARKIST*, BURSOR & FISHER IS CAPABLE OF MANAGING THIS LITIGATION ON ITS OWN

Apart from its role as a Rule 23 class action, this matter does not involve any particularly challenging case management concerns. Accordingly, Bursor & Fisher is capable of managing this litigation on their own, as demonstrated by their work in the *StarKist* matter.

As discussed in Plaintiffs Magier and Reyes' moving brief, Bursor & Fisher is the only law firm in the country to successfully resolve claims concerning the alleged underfilling of canned tuna, in contravention of 21 C.F.R. § 161.190(c). *See Hendricks v. StarKist Co.*, No. 3:13-cv-00729-HSG (N.D. Cal.). In *StarKist*, after taking the case through discovery and fully briefing a motion for class certification, Bursor & Fisher negotiated a landmark settlement valued at $12 million, which resulted in the most submitted claims in the history of class actions. *See* 11/7/16 Bursor Decl. Exs. A-B. Simply put, Bursor & Fisher has the knowledge, expertise, and resources to manage this litigation independently.

In response, Thomas A. Zimmerman, counsel to Plaintiff Aliano, criticizes Bursor & Fisher's performance in the StarKist matter, contending that the firm "tried to sell out the *StarKist Tuna* class by releasing viable claims." 11/7/16 Zimmerman Br. at 4 (Dkt. 23). Of note, Mr. Zimmerman is <u>not</u> moving for co-lead interim class counsel here, nor was he involved with the *StarKist* matter. Regardless, Mr. Zimmerman is factually incorrect.

In short, the *StarKist* court found that the initial release ran afoul of the identical factual predicate rule. Thereafter, Bursor & Fisher coordinated with StarKist's counsel to amend the scope of the release, to which the parties reached agreement on March 1, 2016. 11/14/16 Bursor Decl. ¶ 4. Plaintiff Hendricks then filed a renewed motion for final approval on March 17, 2016, which was <u>granted</u> on September 29, 2016. *See also* 11/7/16 Bursor Decl. Ex. A. Indeed, in connection with the court's order granting final approval, Judge Gilliam awarded Bursor & Fisher attorneys' fees in the amount of "30% of the total recovery, or $3.6 million." *See id.* Ex. A at 20. In doing so, the *StarKist* court acknowledged that it departure from the Ninth Circuit's "25% benchmark" in light of the risks associated with the litigation, and the results achieved by Bursor & Fisher. If this Court has any

questions about Bursor & Fisher's outstanding work in the *StarKist* matter, we invite it to contact Judge Gilliam directly at (415) 522-4167.

### V. PLAINTIFFS JOSEPH, ALIANO, AND SHAW'S MOTION WAS IMPROPERLY NOTICED AND SHOULD NOT BE CONSIDERED

The Court's November 1, 2016 Order To Consolidate Cases specifies that "Plaintiffs' counsel shall submit their motions for the appointment of interim class counsel, pursuant to Federal Rule of Civil Procedure 23(g), by November 7, 2016." Dkt. 42. However, the filing made on November 7, 2016 by Plaintiffs Joseph, Aliano, and Shaw was <u>not</u> a properly noticed motion. The Court should not consider it.

Local Rule 6-1 requires that "every motion shall be presented by written notice of motion." And Local Rule 6-1 further requires that "[t]he notice of motion shall be filed with the Clerk not later than twenty-eight (28) days before the date set for hearing." And Local Rule 7-3 requires that "counsel for the moving party shall include in the notice of motion a statement to the following effect: 'This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date).'"

The filing made by Plaintiffs Joseph, Aliano, and Shaw violated each of these requirements. It did not include a notice of motion, did not set a date for hearing, and did not contain the required statement under Local Rule 7-3. Accordingly, the Court issued a Minute Order on November 8, 2016 setting a hearing date and briefing schedule for this filing. However, these Plaintiffs did not file a properly noticed motion in the first instance – the Court should not consider their defective filing. In the alternative, the Court should be mindful of these firms' inability to comply with the Local Rules of this District.

## VI. MR. ZIMMERMAN'S CRITICISMS OF BURSOR & FISHER ARE IRRELEVANT AND FACTUALLY INCORRECT

Simultaneous with the filing of Plaintiffs Joseph, Aliano, and Shaw's motion, Mr. Zimmerman (who is <u>not</u> moving for co-lead interim class counsel) submitted a supplemental brief criticizing Bursor & Fisher, and attacking the professionalism of the firm's attorneys. Respectfully, Mr. Zimmerman's supplemental brief is irrelevant to the present motion – he makes <u>no attempt</u> to connect his arguments to the Rule 23(g)(3) factors. To the extent that the Court considers Mr. Zimmerman's arguments, it should be aware that his supplemental brief is full of half-truths and inaccuracies.

<u>First</u>, Mr. Zimmerman criticizes Bursor & Fisher for having been sanctioned – and purportedly found to be "in contempt" of court – for filing an unauthorized complaint in *Ebin, et al. v. Kangadis Foods, et al.*, No. 13-cv-02311 (S.D.N.Y.) (Rakoff, J.). However, Mr. Zimmerman omits the background facts and context. At the time, Bursor & Fisher had reason to believe that defendants would attempt to escape liability by filing for bankruptcy. 11/14/16 Bursor Decl. ¶ 5. Accordingly, the plaintiffs hoped to pierce the corporate veil and moved for leave to amend in order to add defendant's parent company and individual owners as defendants. *Id.* When the court denied that motion, plaintiffs filed a separate action against the individuals. *Id.* While Judge Jed S. Rakoff initially sanctioned Bursor & Fisher for these actions, soon thereafter Kangadis filed for bankruptcy as expected. Just 50 days after sanctioning Bursor & Fisher for filing the veil-piercing complaint, Judge Rakoff entered a *sua sponte* order directing plaintiff to re-file that complaint "immediately." *Id.* Ex. A. Later, Judge Rakoff granted Bursor & Fisher's motion for nationwide class certification on that same veil piercing complaint and appointed Bursor & Fisher as class counsel. *Id.* Ex. B. In the bankruptcy court, Bursor & Fisher certified the class for the third time and eventually negotiated a multi-million dollar recovery. *Id.* ¶ 5. If the Court has any question about Bursor & Fisher's

1  outstanding work in the Kangadis matter, we invite it to contact Judge Rakoff
2  directly at (212) 805-0401.  The Court can also contact the bankruptcy judge, Hon.
3  Robert E. Grossman, at (631) 712-6276.

4      Second, Mr. Zimmerman contends that "an Illinois court is going to hold an
5  evidentiary hearing on Bursor's alleged fraud on the court" in *Joseph, et al. v.*
6  *Monster, Inc., et al.*, No. 15 CH 13991 (Cook Cnty., IL).  This is factually incorrect
7  and mischaracterizes the proceedings in the *Joseph* matter.  Bursor & Fisher moved
8  to intervene in the *Joseph* case after Mr. Zimmerman filed a copycat action and then
9  attempted to sell out the class through a collusive settlement.  Mr. Zimmerman's
10 reaction to the motion to intervene has been to make unfounded allegations about
11 Bursor & Fisher.  Mr. Zimmerman's motions for sanctions and to invade the
12 attorney-client privilege have not been briefed, let alone ruled upon.  No discovery is
13 taking place on those issues and the court does not appear to have given them any
14 credence.  To the contrary, the court in *Joseph* issued an order stating that it would
15 hold an evidentiary hearing limited to the issue of Mr. Perez's standing, because
16 standing is a threshold matter.  The hearing is not about any improper conduct by
17 Bursor & Fisher.  *See* 11/14/16 Bursor Decl. Ex. C.

18     Third, Mr. Zimmerman contends that Bursor & Fisher "frequently files class
19 action lawsuits *after* similar class action cases have already been filed."  11/7/16
20 Zimmerman Br. at 9-10.  However, Mr. Zimmerman only cites 4 examples, and in
21 one of the examples (*Ebin v. Kangadis*), the "first-filed" action was not a Rule 23
22 class action, but rather a Lanham Act unfair competition case filed by a trade
23 association.  *See North American Olive Oil Association v. Kangadis Food Inc.*, No.
24 13-cv-00868 (S.D.N.Y.).  Regardless, Mr. Zimmerman's criticism is like the pot
25 calling the kettle black, given that Plaintiff Amy Joseph is a serial class action
26 plaintiff who is closely associated with Mr. Zimmerman.  Indeed, attached as Exhibit
27
28

D to the Bursor Declaration is a listing of 13 class action cases involving Mr. Zimmerman where Amy Joseph has served as a lead plaintiff.

## VII. CONCLUSION

In the interest of judicial economy and for the reasons set forth above, Plaintiffs respectfully request that the Court appoint Bursor & Fisher as sole interim class counsel.

Dated: November 14, 2016            Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:      */s/ Scott A. Bursor*
              Scott A. Bursor

Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Email:  scott@bursor.com

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com

*Attorneys for Plaintiffs Magier and Reyes*