# United States District Court
# Central District of California

| | |
|---|---|
| *In re Trader Joe's Tuna Litigation* | Case No. 2:16-cv-01371-ODW(AJWx)<br><br>**ORDER GRANTING MOTION TO DISMISS CASE [40]** |

## I. INTRODUCTION

Defendants Trader Joe's Company and Trader Joe's East Inc. (collectively, "Trader Joe's") move to dismiss Plaintiffs' First Amended Complaint on several bases. (ECF No. 40.) For the reasons discussed below, the Court **GRANTS** Defendants' Motion.

## II. FACTUAL BACKGROUND

Plaintiff Sarah Magier resides in New York and purchased Trader Joe's tuna in New York City through 2013.[1] (First Am. Compl. ("FAC") ¶ 9, ECF No. 38.) Magier purchased the tuna after reading the can's label, which she alleges represented that the can contained an adequate amount of tuna for a five ounce can. (*Id.*) Magier contends that the label's representations substantially influenced her decision to purchase the

---

[1] Plaintiffs do not specify when Plaintiff Magier began purchasing Trader Joe's tuna.

tuna. (*Id.*) Further, Magier claims that she would not have purchased the tuna if she knew the cans were underweight and/or underfilled. (*Id.*)

Plaintiff Atzimba Reyes resides in California, and she purchased Trader Joe's tuna in Davis, California, through 2014.[2] (*Id.* ¶ 10.) Similarly to Magier, Reyes also contends that the alleged representations on the can's label substantially influenced her to purchase the product. (*Id.*) In addition, Reyes claims that she would not have purchased the Trader Joe's tuna if she knew the cans were substantially underfilled and/or underweight. (*Id.*)

Plaintiffs determined that the Trader Joe's tuna cans were underfilled and underweight by commissioning testing with the U.S. National Oceanic and Atmospheric Administration ("NOAA") on December 1, 2015. (*See id.* ¶¶ 2–7.) NOAA tested several varieties of Trader Joe's tuna according to the FDA's standards for canned tuna, pursuant to 21 C.F.R. § 161.190. This statute determines the standard fill of tuna within a container based on its pressed cake weight. *See* 21 C.F.R. § 161.190(c). The NOAA tests based on this method determined that several varieties of Trader Joe's tuna fell 19.2%, 24.8%, 24.8%, 11.1%, 9.9%, and 13.9% below the minimum standard of fill for pressed cake tuna. (*See* FAC ¶¶ 2–7.) Accordingly, Plaintiffs bring the following claims: breach of express warranty, breach of implied warranty of merchantability, unjust enrichment, negligent misrepresentation, and fraud. (*See generally id.*) In addition, Plaintiff Magier brings claims on behalf of herself and the New York subclass for violation of New York General Business Law §§ 349, 350. (*Id.* ¶ 8.) Plaintiff Reyes also brings claims on behalf of herself and the California subclass for violation of California's Consumer Legal Remedies Act ("CLRA"), Unfair Competition Law ("UCL"), and False Advertising Law ("FAL"). (*Id.*)

Trader Joe's now moves to dismiss Plaintiffs' complaint. It argues that it did not make any false or misleading representations and that Plaintiffs were not injured

---

[2] Plaintiffs do not specify when Plaintiff Reyes began purchasing Trader Joe's tuna.

2

because they received what they thought they were purchasing—cans of tuna weighing five ounces. (Mot. 1.) Trader Joe's contends that because the crux of Plaintiffs' complaint rests on failing to meet the pressed cake weight standard, there is no false representation since the pressed cake weight is not represented anywhere on the tuna can labels. (*Id.*) Trader Joe's tuna can labels only specify the drained weight and net weight. (*Id.*) Moreover, Trader Joe's notes that the drained and net weights on its tuna can labels were accurate (and the amount of tuna sometimes exceeded these numbers). (*Id.* ("Indeed, the very testing relied on by Plaintiffs demonstrates that, on average, the tested products contain tuna in excess of the 'net weight' and 'drained weight' represented on the labels."); *see also* Trader Joe's Canned Tuna Labels, Ex. 11, ECF No. 40-6; Results of Unofficial NOAA Tests in Dec. 2015, Ex. 12, ECF No. 40-6.) Trader Joe's further argues that the pressed weight standard in 21 C.F.R. § 161.190—promulgated in 1957—is outdated and actively being considered for revision by the FDA, as evidenced by: (1) the FDA's stated intent to rule on a Citizens' Petition to amend the standard of fill to a tuna can's drained weight; and (2) the FDA's issuance and extension of a temporary marketing permit ("TMP") to major tuna processors[3] to market tuna under the drained weight standard. (Mot. 4–5; *see also* Trader Joe's Req. to Participate in TMP for Canned Tuna (TJ's Req."), Ex. 10, ECF No. 40-6.) Trader Joe's criticizes the continued use of the pressed cake weight standard under 21 C.F.R. § 161.190, stating that it was designed for three-piece tuna cans of the past, can only be measured by properly trained individuals, and is only still applied in the United States, while the drained-weight standard is accepted internationally. (Mot. at 4–5.) The major tuna processors' TMP was issued and extended indefinitely, while Trader Joes' application for a TMP is still pending before the FDA. (TJ's Req.; Temporary Permit for Market Testing, Ex. 14, ECF No. 40-6.)

---

[3] The relevant major tuna processors are Bumble Bee Foods, StarKist, and Tri-Union Seafoods. (*See* Temporary Permit for Market Testing.)

3

### III. LEGAL STANDARD

A motion to dismiss under either Rule 12(c) or 12(b)(6) is proper where the plaintiff fails to allege a cognizable legal theory or where there is an absence of sufficient facts alleged under a cognizable legal theory. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Accusations of fraud require a heightened particularity in pleading. *See* Fed. R. Civ. P. 9(b). Federal Rule of Civil Procedure 9(b) establishes that an allegation of "fraud or mistake must state with particularity the circumstances constituting fraud." The "circumstances" required by Rule 9(b) are the "who, what, when, when, where, and how" of the fraudulent activity. *Cafasso, ex rel. U.S. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011). In addition, the allegation "must set forth what is false or misleading about a statement, and why it is false." *Id.* This heightened pleading standard ensures that "allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

Generally, a court should freely give leave to amend a complaint that has been dismissed, even if not requested by the party. *See* Fed. R. Civ. P. 15(a); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). However, a court may deny leave to amend when it "determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

# IV. DISCUSSION

Trader Joe's moves to dismiss Plaintiffs' FAC on several different grounds: (1) Implied Preemption; (2) Conflict Preemption; (3) the Doctrine of Primary Jurisdiction; and (4) a failure to state a viable claim. (*See generally* Mot.) Because the Court finds that Plaintiffs' claims are impliedly preempted, it focuses its discussion on that analysis and declines to reach Trader Joe's other bases for dismissal.

## A. Implied Preemption Standard

Under 21 U.S.C. § 337(a) of the Federal Food, Drug, and Cosmetic Act ("FDCA"), all proceedings to enforce Food and Drug Administration ("FDA") regulations "shall be by and in the name of the United States." *See also Buckman Co. v. Plaintiffs' Legal Comm'n*, 531 U.S. 341, 349 n.4 (2001) ("The FDCA leaves no doubt that it is the Federal Government rather than private litigants who are authorized to file suit for noncompliance" with its provisions). If a private litigant files a state law claim that also violates the FDCA, it must fit through a "narrow gap" in order to escape implied preemption. *Perez v. Nidek Co.*, 711 F.3d 1109, 1120 (9th Cir. 2013). "The Eighth Circuit has aptly described the 'narrow gap' through which a state-law claim must fit to escape preemption by the FDCA: 'The plaintiff must be suing for conduct that *violates* the FDCA (or else his claim is expressly preempted by § 360k(a)), but the plaintiff must not be suing *because* the conduct violates the FDCA (such a claim would be impliedly preempted under *Buckman*).'" *Id.* (quoting *In re Medtronic*, 623 F.3d 1200, 1204 (8th Cir. 2010) (emphasis in original)). Thus, "under principles of implied preemption . . . private litigants may not bring a state-law claim against a defendant when the state-law claim is in substance (even if not in form) a claim for violating the FDCA." *Loreto v. Procter & Gamble Co.*, 515 F. App'x 576, 579 (6th Cir. 2013) (internal quotation marks omitted). In simpler terms, a plaintiff must state a claim based on a violation of some other law—such as state tort law—that also happens to violate the FDCA. The claim cannot be primarily premised on a violation of the FDCA.

**B. Analysis**

Trader Joe's argues that because "Plaintiffs plainly premise the FAC on an alleged violation of the FDCA," their claims are impliedly preempted. (Mot. 10.) Indeed, in their FAC, Plaintiffs describe how testing Trader Joe's tuna cans pursuant to the method in 21 C.F.R. § 161.190 revealed that the pressed cake weights were lower than required. (FAC ¶ 2.) Under each claim, Plaintiffs allege that Trader Joe's represented that the tuna cans contained an adequate amount of tuna and that they were legal for sale in the U.S. (*Id.* ¶¶ 26, 31, 42, 46, 53, 60, 68, 75, 89.) However, the tuna can labels did not indicate the pressed cake weight; they only listed the accurate drained and net weight. (Trader Joe's Canned Tuna Labels, Ex. 11, ECF No. 40-6.) Therefore, Trader Joe's argues that Plaintiffs are suing *because* Trader Joe's conduct violates FDA regulations about standards of fill for tuna. Under 21 U.S.C. § 337(a), Plaintiffs cannot file suit as private litigants to enforce the FDCA's provisions.

In their opposition, Plaintiffs discuss a nearly identical case against another tuna manufacturer. *See Hendricks v. StarKist Co.*, 30 F. Supp. 3d 917 (N.D. Cal. 2014). There, the court found that while the plaintiff's state law claims were all based on Defendants' conduct that violated the FDCA, the plaintiff's allegations sufficiently "thread the gap" within the Ninth Circuit's rule in *Perez*. *See* 711 F.3d at 1120. Plaintiffs also note that their claims do not mention 21 C.F.R. § 161.190 and are brought pursuant to state law because Defendants allegedly underfilled the cans of tuna. (Opp'n 8, ECF No. 45.)

Plaintiffs' arguments and reliance on *Hendricks* are unconvincing. Plaintiffs' claims could not exist based solely on traditional state tort law; "the existence of [the] federal enactment[] is a critical element in their case." *See Buckman*, 531 U.S. at 353. That is, the standard for pressed cake weight pursuant to 21 C.F.R. § 161.190 is critical to each of Plaintiffs' state law claims, though Plaintiffs do not outright allege this. Unlike *Hendricks*, where the plaintiff's state law claims were almost identical to the FDCA's requirements, here, Plaintiff's state-law claims do not "mirror the relevant

sections of the FDCA." *See Khasin v. Hershey Co.*, No. 5:12–CV–01862 EJD, 2012 WL 5471153, at *4 (N.D. Cal. Nov. 9, 2012). Plaintiffs even state that they would not have purchased Trader Joe's tuna if they had known the cans' fill did not comply with FDA standards. (*See* FAC ¶¶ 9–10.) In order to claim that Trader Joe's misrepresented that the tuna cans contained an adequate amount of tuna, Plaintiffs must be relying on the FDA's pressed cake weight standard, because the labels were otherwise accurate. (*See* Trader Joe's Canned Tuna Labels, Ex. 11, ECF No. 40-6; Results of Unofficial NOAA Tests in Dec. 2015, Ex. 12, ECF No. 40-6.) Plaintiffs explain in detail how testing showed that the tuna cans were underfilled based on the pressed cake weight and then make claims of misrepresentation and deceptive practices under state law. (*See generally* FAC); *see also Verzani v. Costco Wholesale Corp.*, No. 09 CIV 2117 CM, 2010 WL 3911499, at *3 (S.D.N.Y. Sept. 28, 2010), *aff'd,* 432 F. App'x 29 (2d Cir. 2011) ("[Plaintiff's] persistent allegations that Costco's labeling of the Shrimp Tray violates the FDCA['s] . . . regulations on the labeling of 'shrimp cocktails' indicates that his true purpose is to privately enforce alleged violations of the FDCA, rather than to bring a [state-law] claim for unfair and deceptive business practices."). In this way, Plaintiffs attempt to pass off FDCA claims, otherwise enforceable only by the FDA, as privately enforceable state law claims. *See Loreto*, 515 F. App'x at 579 ("The statute's public enforcement mechanism is thwarted if savvy plaintiffs can label as arising under a state law for which there exists a private enforcement mechanism a claim that in substance seeks to enforce the FDCA").

In sum, Plaintiffs' claims would not exist without the FDCA. *See* Loreto, 515 F. App'x at 579 ("If the claim would not exist in the absence of the FDCA, it is impliedly preempted"). Plaintiffs allege that Trader Joe's misrepresented that its cans contained an adequate amount of tuna, and if Plaintiffs knew the amount was inadequate, they would not have purchased the tuna cans. (FAC ¶¶ 9–10.) Plaintiffs also maintain that the *reason* the amount in the tuna cans was inadequate is because it

failed to meet the pressed cake weight standard under 21 C.F.R. § 161.190.  (*See id.* ¶ 28.)  Consequently, the theory underlying Plaintiffs' state-law claims depends entirely on an FDA regulation.  Plaintiffs' state law claims are in reality claims violations of an FDA regulation, and therefore, the FDCA prohibits Plaintiffs from bringing them.  On this basis, the Court **GRANTS** Defendants' Motion to Dismiss.  Because this is the first dismissal of Plaintiffs' complaint, the Court **will allow leave to amend within thirty days of the date of this order**.

## V. CONCLUSION

For the reasons discussed above, the Court hereby **GRANTS** Trader Joe's Motion to Dismiss.  (ECF No. 40.)

**IT IS SO ORDERED.**

June 2, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**