**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
            jsmith@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Interim Class Counsel*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| *In re Trader Joe's Tuna Litigation* | Case No. 2:16-cv-01371-ODW-AJW |
|---|---|
| | **SECOND AMENDED CLASS ACTION COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| | Hon. Otis D. Wright II |

Plaintiffs Sarah Magier and Atzimba Reyes ("Plaintiffs") bring this action on behalf of themselves and all others similarly situated against Defendants Trader Joe's Company and Trader Joe's East Inc. (collectively, "Trader Joe's" or "Defendants"). Plaintiffs make the following allegations pursuant to the investigation of their counsel and based upon information and belief, except as to the allegations specifically pertaining to themselves, which are based on personal knowledge.

## NATURE OF THE ACTION

1.      This is a class action lawsuit against Trader Joe's for cheating customers by underfilling 5-ounce cans of Trader Joe's store-brand tuna.[1]  Tests by a U.S. government lab confirm that Trader Joe's 5-ounce cans actually contain less than 3 ounces of tuna in most instances, and that every lot tested, and nearly every single can, was underfilled in violation of the federally mandated minimum standard of fill.

2.      Independent testing by the U.S. National Oceanic and Atmospheric Administration ("NOAA") determined that, over a sample of 24 cans, 5-ounce cans of Trader Joe's Albacore Tuna in Water Salt Added contain an average of only 2.61 ounces of pressed cake tuna when measured precisely according to the methods specified by 21 C.F.R. § 161.190(c).  This is 19.2% below the federally mandated minimum standard of fill of 3.23 ounces for these cans.  *See* 21 C.F.R. § 161.190(c)(2)(i)-(xii).  In this sample, 24 of 24 cans were below the minimum standard of fill.

3.      Another test by NOAA determined that, over a sample of 24 cans, 5-ounce cans of Trader Joe's Albacore Tuna in Water Half Salt contain an average of

---

[1] As used herein, the term "Trader Joe's Tuna" refers to (i) 5-ounce canned Trader Joe's Albacore Tuna in Water Salt Added, (ii) 5-ounce canned Trader Joe's Albacore Tuna in Water Half Salt, (iii) 5-ounce canned Trader Joe's Albacore Tuna in Water No Salt Added, (iv) 5-ounce canned Trader Joe's Albacore Tuna in Olive Oil Salt Added, (v) 5-ounce canned Trader Joe's Skipjack Tuna in Water With Sea Salt, and (vi) 5-ounce canned Trader Joe's Yellowfin Tuna in Olive Oil Solid Light.

only 2.43 ounces of pressed cake tuna, which is 24.8% below the federally mandated minimum standard of fill of 3.23 ounces for these cans.  In this sample, 24 of 24 cans were below the minimum standard of fill.

4.      Another test by NOAA determined that, over a sample of 24 cans, 5-ounce cans of Trader Joe's Albacore Tuna in Water No Salt Added contain an average of only 2.43 ounces of pressed cake tuna, which is 24.8% below the federally mandated minimum standard of fill of 3.23 ounces for these cans.  In this sample, 24 of 24 cans were below the minimum standard of fill.

5.      Another test by NOAA determined that, over a sample of 24 cans, 5-ounce cans of Trader Joe's Albacore Tuna in Olive Oil Salt Added contain an average of only 2.87 ounces of pressed cake tuna, which is 11.1% below the federally mandated minimum standard of fill of 3.23 ounces for these cans.  In this sample, 23 of 24 cans were below the minimum standard of fill.

6.      Another test by NOAA determined that, over a sample of 24 cans, 5-ounce cans of Trader Joe's Skipjack Tuna in Water With Sea Salt contain an average of only 2.56 ounces of pressed cake tuna, which is 9.9% below the federally mandated minimum standard of fill of 2.84 ounces for these cans.  In this sample, 23 of 24 cans were below the minimum standard of fill.

7.      Another test by NOAA determined that, over a sample of 24 cans, 5-ounce cans of Trader Joe's Yellowfin Tuna in Olive Oil Solid Light contain an average of only 2.78 ounces of pressed cake tuna, which is 13.9% below the federally mandated minimum standard of fill of 3.23 ounces for these cans.  In this sample, 24 of 24 cans were below the minimum standard of fill.

8.      Given that Trader Joe's Tuna is underfilled, the cans are required to include the statement "'Below Standard in Fill' printed in Cheltenham bold condensed caps" on the container "in 12-point type" surrounded by "lines, not less than 6 points in width, forming a rectangle" that are "so placed as to be easily seen

when the name of the food or any pictorial representation thereof is viewed, wherever such name or representation appears so conspicuously as to be easily seen under customary conditions of purchase." *See* 21 C.F.R. § 161.190(c)(4); 21 C.F.R. § 130.14(b).  However, none of the Trader Joe's Tuna products at issue included this statement on the label.

9.      In addition to the requirements of 21 C.F.R. § 161.190 and 21 C.F.R. § 130.14(b), Defendants' conduct also violates California's Sherman Food, Drug and Cosmetic Law, which prescribes labeling requirements that are similar, if not identical to, the requirements under the federal Food, Drug, and Cosmetic Act, and its regulations thereunder.  Accordingly, Trader Joe's Tuna is not *only* underfilled pursuant to federal law.  It is also underfilled pursuant to California state law regarding food and drug labeling.  Additionally, Plaintiffs' purchases of Trader Joe's Tuna give rise to warranty and consumer protection claims under California and New York state law. *See infra.*

10.      Defendants' conduct also runs contrary to the standard practices and procedures of other tuna manufacturers.

11.      Plaintiffs assert claims on behalf of themselves and a nationwide class of purchasers of Trader Joe's Tuna for breach of express warranty, breach of the implied warranty of merchantability, unjust enrichment, negligent misrepresentation, and fraud.  Plaintiff Magier also brings claims on behalf of herself and a New York subclass for violation of New York Gen. Bus. Law § 349 and violation of New York Gen. Bus. Law § 350.  Plaintiff Reyes brings claims on behalf of herself and a California subclass for violation of California's Consumers Legal Remedies Act ("CLRA"), violation of California's Unfair Competition Law ("UCL"), and violation of California's False Advertising Law ("FAL").

**THE PARTIES**

12.     Plaintiff Sarah Magier is a citizen of New York who resides in New York, New York.  Through the end of 2013, Plaintiff Magier purchased 5-ounce canned Trader Joe's Albacore Tuna in Water No Salt Added, which were underfilled and thus substantially underweight, at a Trader Joe's retail store located in Chelsea, New York City.  Plaintiff Magier purchased her Trader Joe's Tuna for her household and personal use.  Moreover, she purchased her Trader Joe's Tuna after reading the label on the can that said it contained an adequate amount of tuna for a 5-ounce can. The representations on the label were substantial factors influencing her decision to purchase Trader Joe's Tuna.  She would not have purchased Trader Joe's Tuna if she had known that the cans were underfilled and underweight pursuant to state law and her expectations based on the standard practices and procedures of other tuna manufacturers.  She also would not have purchased Trader Joe's Tuna if the labels had properly contained the statement "'Below Standard in Fill' printed in Cheltenham bold condensed caps … in 12-point type" surrounded by "lines, not less than 6 points in width, forming a rectangle" that are "so placed as to be easily seen when the name of the food or any pictorial representation thereof is viewed, wherever such name or representation appears so conspicuously as to be easily seen under customary conditions of purchase."  *See* 21 C.F.R. § 161.190(c)(4); 21 C.F.R. § 130.14(b).

13.     Plaintiff Atzimba Reyes is a citizen of California who resides in Cypress, California.  Through 2014, Plaintiff Reyes purchased 5-ounce canned Trader Joe's Albacore Tuna in Water Salt Added, which were underfilled and thus substantially underweight, at a Trader Joe's retail store located in Davis, California. Plaintiff Reyes purchased her Trader Joe's Tuna for her household and personal use. Moreover, she purchased her Trader Joe's Tuna after reading the label on the can that said it contained an adequate amount of tuna for a 5-ounce can.  The

representations on the label were substantial factors influencing her decision to purchase Trader Joe's Tuna.  She would not have purchased Trader Joe's Tuna if she had known that the cans were underfilled and underweight pursuant to state law and her expectations based on the standard practices and procedures of other tuna manufacturers.  She also would not have purchased Trader Joe's Tuna if the labels had properly contained the statement "'Below Standard in Fill' printed in Cheltenham bold condensed caps … in 12-point type" surrounded by "lines, not less than 6 points in width, forming a rectangle" that are "so placed as to be easily seen when the name of the food or any pictorial representation thereof is viewed, wherever such name or representation appears so conspicuously as to be easily seen under customary conditions of purchase."  *See* 21 C.F.R. § 161.190(c)(4); 21 C.F.R. § 130.14(b).

14.     Defendant Trader Joe's Company is a California corporation with its principal place of business in Monrovia, California.  Trader Joe's Company is an American privately-held chain of specialty grocery stores with approximately 457 locations in 40 states and Washington, D.C.  Trader Joe's Company is a market leader in organic and fresh food groceries in the United States.  Trader Joe's Company has over 10,000 employees and realized approximately $9.38 billion in revenue and $578 million in net income in 2014.  As part of its operations, Trader Joe's Company is engaged in the processing, packaging, and distribution of Trader Joe's-brand canned tuna products, which it sells in its retail locations.

15.     Defendant Trader Joe's East Inc. is a Massachusetts corporation with its principal place of business in Boston, Massachusetts.  Based on information and belief, Defendant Trader Joe's East Inc. is a subsidiary of Trader Joe's Company.

16.     Whenever reference is made in this Complaint to any representation, act, omission, or transaction of Trader Joe's, that allegation shall mean that Trader Joe's did the act, omission, or transaction through its officers, directors, employees,

agents, and/or representatives while they were acting within the actual or ostensible scope of their authority.

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and most members of the proposed class are citizens of states different from Defendants.  This Court also has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

18.     Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District.  Defendants distributed, advertised, and sold Trader Joe's Tuna, which is the subject of the present complaint, in this District. Additionally, Defendant Trader Joe's Company's principle place of business is in this District.  Moreover, the misrepresentations at issue likely originated in this District.  Furthermore, this matter is a consolidated proceeding, following a petition to the U.S. Judicial Panel on Multidistrict Litigation (the "JPML"), where the JPML considered the petition withdrawn in favor of voluntary transfer and coordination in this District pursuant to 28 U.S.C. § 1404.

## CLASS REPRESENTATION ALLEGATIONS

19.     Plaintiffs seek to represent a class defined as all persons in the United States who purchased Trader Joe's Tuna (the "Class").  Excluded from the Class are persons who made such purchase for purpose of resale.

20.     Plaintiff Magier also seeks to represent a subclass of all Class members who purchased Trader Joe's Tuna in New York (the "New York Subclass").

21.     Plaintiff Reyes seeks to represent a subclass of all Class members who purchased Trader Joe's Tuna in California (the "California Subclass").

22.     Members of the Class and Subclasses are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Class and Subclasses number in the millions.  The precise number of Class members and their identities are unknown to Plaintiffs at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants and third party retailers and vendors.

23.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to:  whether Trader Joe's Tuna is underfilled and thus substantially underweight; whether Defendants warranted that Trader Joe's Tuna contained an adequate amount of tuna for a 5-ounce can; whether Defendants warranted that Trader Joe's Tuna is legal for sale in the United States; whether Defendants breached these warranties; and whether Defendants committed statutory and common law fraud by doing so.

24.     The claims of the named Plaintiffs are typical of the claims of the Class in that the named Plaintiffs purchased Trader Joe's Tuna in reliance on the representations and warranties described above and suffered a loss as a result of that purchase.

25.     Plaintiffs are adequate representatives of the Class and their respective Subclasses because their interests do not conflict with the interests of the Class members they seek to represent, they have retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiffs and their counsel.

26.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members.  Each individual Class

member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I

### Breach Of Express Warranty

27.    Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

28.    Plaintiffs bring this claim individually and on behalf of the proposed Class and Subclasses against Defendants.

29.    Defendants, as the designers, manufacturers, marketers, distributors, and/or sellers, expressly warranted that Trader Joe's Tuna contained an adequate amount of tuna for a 5-ounce can and that Trader Joe's Tuna is legal for sale in the United States.

30.    In fact, Trader Joe's Tuna is not fit for such purposes because each of these express warranties is false.  Particularly, Trader Joe's Tuna is underfilled and thus substantially underweight, does not contain an adequate amount of tuna for a 5-ounce can, and is illegal for sale in the United States.

31.    As a direct and proximate cause of Defendants' breach of express warranty, Plaintiffs and Class members have been injured and harmed because:  (a)

they would not have purchased Trader Joe's Tuna on the same terms if the true facts were known concerning its quantity and failure to comply with state law and the standard practices and procedures of other tuna manufacturers; (b) they paid a price premium for Trader Joe's Tuna due to Defendants' promises that it contained an adequate amount of tuna for a 5-ounce can; and (c) Trader Joe's Tuna did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

## COUNT II

## Breach Of Implied Warranty Of Merchantability

32.    Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

33.    Plaintiffs bring this claim individually and on behalf of the proposed Class and Subclasses against Defendants.

34.    Defendants, as the designers, manufacturers, marketers, distributors, and/or sellers, impliedly warranted that Trader Joe's Tuna contained an adequate amount of tuna for a 5-ounce can and that Trader Joe's Tuna is legal for sale in the United States.

35.    Defendants breached the warranty implied in the contract for the sale of Trader Joe's Tuna because it could not pass without objection in the trade under the contract description, the goods were not of fair average quality within the description, and the goods were unfit for their intended and ordinary purpose because Trader Joe's Tuna is underfilled and thus substantially underweight, does not contain an adequate amount of tuna for a 5-ounce can, and is illegal for sale in the United States.  As a result, Plaintiffs and Class members did not receive the goods as impliedly warranted by Defendants to be merchantable.

36.    Plaintiffs and Class members purchased Trader Joe's Tuna in reliance upon Defendants' skill and judgment and the implied warranties of fitness for the purpose.

37.     Trader Joe's Tuna was not altered by Plaintiffs or Class members.

38.     Trader Joe's Tuna was defective when it left the exclusive control of Defendants.

39.     Defendants knew that Trader Joe's Tuna would be purchased and used without additional testing by Plaintiffs and Class members.

40.     Trader Joe's Tuna was defectively designed and unfit for its intended purpose, and Plaintiffs and Class members did not receive the goods as warranted.

41.     As a direct and proximate cause of Defendants' breach of the implied warranty, Plaintiffs and Class members have been injured and harmed because:  (a) they would not have purchased Trader Joe's Tuna on the same terms if the true facts were known concerning its quantity and failure to comply with state law and the standard practices and procedures of other tuna manufacturers; (b) they paid a price premium for Trader Joe's Tuna due to Defendants' promises that it contained an adequate amount of tuna for a 5-ounce can; and (c) Trader Joe's Tuna did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

## COUNT III

## Unjust Enrichment

42.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

43.     Plaintiffs bring this claim individually and on behalf of the proposed Class and Subclasses against Defendants.

44.     Plaintiffs and Class members conferred benefits on Defendants by purchasing Trader Joe's Tuna.

45.     Defendants have been unjustly enriched in retaining the revenues derived from Plaintiffs and Class members' purchases of Trader Joe's Tuna. Retention of those moneys under these circumstances is unjust and inequitable because Defendants misrepresented that Trader Joe's Tuna contained an adequate

amount of tuna for a 5-ounce can and that Trader Joe's Tuna is legal for sale in the United States.  These misrepresentations caused injuries to Plaintiffs and Class members because they would not have purchased Trader Joe's Tuna if the true facts were known.

46.     Because Defendants' retention of the non-gratuitous benefits conferred on them by Plaintiffs and Class members is unjust and inequitable, Defendants must pay restitution to Plaintiffs and Class members for their unjust enrichment, as ordered by the Court.

## COUNT IV

## Deceptive Acts Or Practices, New York Gen. Bus. Law § 349

47.     Plaintiff Magier hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

48.     Plaintiff Magier brings this claim individually and on behalf of the proposed New York Subclass against Defendants.

49.     By the acts and conduct alleged herein, Defendants committed unfair or deceptive acts and practices by misrepresenting that Trader Joe's Tuna contained an adequate amount of tuna for a 5-ounce can and that Trader Joe's Tuna is legal for sale in the United States.

50.     The foregoing deceptive acts and practices were directed at consumers.

51.     The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the characteristics of Trader Joe's Tuna products to induce consumers to purchase same.

52.     Plaintiff Magier and members of the New York Subclass were injured because:  (a) they would not have purchased Trader Joe's Tuna on the same terms if the true facts were known concerning its quantity and failure to comply with state law and the standard practices and procedures of other tuna manufacturers; (b) they paid a price premium for Trader Joe's Tuna due to Defendants' promises that it

contained an adequate amount of tuna for a 5-ounce can; and (c) Trader Joe's Tuna did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

53.     On behalf of herself and other members of the New York Subclass, Plaintiff Magier seeks to enjoin the unlawful acts and practices described herein, to recover her actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT V

### Deceptive Acts Or Practices, New York Gen. Bus. Law § 350

54.     Plaintiff Magier hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

55.     Plaintiff Magier brings this claim individually and on behalf of the proposed New York Subclass against Defendants.

56.     Based on the foregoing, Defendants engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of Section 350 of the New York General Business Law by misrepresenting that Trader Joe's Tuna contained an adequate amount of tuna for a 5-ounce can and that Trader Joe's Tuna is legal for sale in the United States.

57.     The foregoing advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

58.     These misrepresentations have resulted in consumer injury or harm to the public interest.

59.     Plaintiff Magier and members of the New York Subclass were injured because:  (a) they would not have purchased Trader Joe's Tuna on the same terms if the true facts were known concerning its quantity and failure to comply with state law and the standard practices and procedures of other tuna manufacturers; (b) they paid a price premium for Trader Joe's Tuna due to Defendants' promises that it

contained an adequate amount of tuna for a 5-ounce can; and (c) Trader Joe's Tuna did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

60.     On behalf of herself and other members of the New York Subclass, Plaintiff Magier seeks to enjoin the unlawful acts and practices described herein, to recover her actual damages or five hundred dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT VI

## Negligent Misrepresentation

61.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

62.     Plaintiffs bring this claim individually and on behalf of the proposed Class and Subclasses against Defendants.

63.     As discussed above, Defendants misrepresented that Trader Joe's Tuna contained an adequate amount of tuna for a 5-ounce can and that Trader Joe's Tuna is legal for sale in the United States.  Defendants had a duty to disclose this information.

64.     At the time Defendants made these representations, Defendants knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

65.     At an absolute minimum, Defendants negligently misrepresented and/or negligently omitted material facts about Trader Joe's Tuna.

66.     The negligent misrepresentations and omissions made by Defendants, upon which Plaintiffs and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiffs and Class members to purchase Trader Joe's Tuna.

67.     Plaintiffs and Class members would not have purchased Trader Joe's Tuna if the true facts had been known.

68.     The negligent actions of Defendants caused damage to Plaintiffs and Class members, who are entitled to damages and other legal and equitable relief as a result.

## COUNT VII

## Fraud

69.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

70.     Plaintiffs bring this claim individually and on behalf of the proposed Class and Subclasses against Defendants.

71.     As discussed above, Defendants provided Plaintiffs and Class members with false or misleading material information and failed to disclose material facts about Trader Joe's Tuna, including but not limited to the fact that it contained an adequate amount of tuna for a 5-ounce can and that Trader Joe's Tuna is legal for sale in the United States.  These misrepresentations and omissions were made with knowledge of their falsehood.

72.     The misrepresentations and omissions made by Defendants, upon which Plaintiffs and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiffs and Class members to purchase Trader Joe's Tuna.

72.     The fraudulent actions of Defendants caused damage to Plaintiffs and Class members, who are entitled to damages and other legal and equitable relief as a result.

## COUNT VIII

## Violation Of California's Consumers Legal Remedies Act,

## California Civil Code §§ 1750, *et seq.*

73.     Plaintiff Reyes hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

74.    Plaintiff Reyes brings this claim individually and on behalf of the proposed California Subclass against Defendants.

75.    California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."

76.    California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(9), prohibits "[a]dvertising goods or services with intent not to sell them as advertised."

77.    Defendants violated these provisions by misrepresenting that Trader Joe's Tuna contained an adequate amount of tuna for a 5-ounce can and that Trader Joe's Tuna is legal for sale in the United States.

78.    Plaintiff Reyes and the California Subclass suffered injuries caused by Defendants because:  (a) they would not have purchased Trader Joe's Tuna on the same terms if the true facts were known concerning its quantity and failure to comply with state law and the standard practices and procedures of other tuna manufacturers; (b) they paid a price premium for Trader Joe's Tuna due to Defendants' promises that it contained an adequate amount of tuna for a 5-ounce can; and (c) Trader Joe's Tuna did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

79.    On or about December 29, 2015, prior to filing this action, a CLRA notice letter was served on Defendants which complies in all respects with California Civil Code § 1782(a).  Plaintiffs sent Defendants a letter via certified mail, return receipt requested, advising Defedants that they were in violation of the CLRA and demanding that they cease and desist from such violations and make full restitution

by refunding the monies received therefrom.  A true and correct copy of Plaintiffs' letter is attached hereto as Exhibit A.

80.     Wherefore, Plaintiff Reyes seeks damages, restitution, and injunctive relief for this violation of the CLRA.

## COUNT IX

## Violation Of California's Unfair Competition Law, California Business & Professions Code §§ 17200, *et seq.*

81.     Plaintiff Reyes hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

82.     Plaintiff Reyes brings this claim individually and on behalf of the proposed California Subclass against Defendants.

83.     Defendants are subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*  The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

84.     Defendants' misrepresentations and other conduct, described herein, violated the "unlawful" prong of the UCL by violating the CLRA as described herein; the FAL as described herein; and Cal. Com. Code § 2607.

85.     Defendants' misrepresentations and other conduct, described herein, violated the "unfair" prong of the UCL in that their conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits.

86.     Defendants violated the "fraudulent" prong of the UCL by making misrepresentations about Trader Joe's Tuna, as described herein.

87.     Plaintiff Reyes and the California Subclass lost money or property as a result of Defendants' UCL violations because:  (a) they would not have purchased Trader Joe's Tuna on the same terms if the true facts were known concerning its

quantity and failure to comply with state law and the standard practices and procedures of other tuna manufacturers; (b) they paid a price premium for Trader Joe's Tuna due to Defendants' promises that it contained an adequate amount of tuna for a 5-ounce can; and (c) Trader Joe's Tuna did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

## COUNT X

### Violation Of California's False Advertising Law,

### California Business & Professions Code §§ 17500, *et seq.*

88.     Plaintiff Reyes hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

89.     Plaintiff Reyes brings this claim individually and on behalf of the proposed California Subclass against Defendants.

90.     California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

91.     Defendants committed acts of false advertising, as defined by §17500, by misrepresenting that Trader Joe's Tuna contained an adequate amount of tuna for a 5-ounce can and that Trader Joe's Tuna is legal for sale in the United States.

92.     Defendants knew or should have known, through the exercise of reasonable care that their representations about Trader Joe's Tuna were untrue and misleading.

93.     Defendants' actions in violation of § 17500 were false and misleading such that the general public is and was likely to be deceived.

94.     Plaintiff Reyes and the California Subclass lost money or property as a result of Defendants' FAL violations because:  (a) they would not have purchased Trader Joe's Tuna on the same terms if the true facts were known concerning its quantity and failure to comply with state law and the standard practices and procedures of other tuna manufacturers; (b) they paid a price premium for Trader Joe's Tuna due to Defendants' promises that it contained an adequate amount of tuna for a 5-ounce can; and (c) Trader Joe's Tuna did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

## RELIEF DEMANDED

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

A.     For an order certifying the nationwide Class and the Subclasses under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as the representatives of the Class, the New York Subclass, and the California Subclass and Plaintiffs' attorneys as Class Counsel to represent members of the Class and Subclasses;

B.     For an order declaring the Defendants' conduct violates the statutes referenced herein;

C.     For an order finding in favor of Plaintiffs, the nationwide Class, the New York Subclass, and the California Subclass on all counts asserted herein;

D.     For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

E.     For prejudgment interest on all amounts awarded;

F.     For an order of restitution and all other forms of equitable monetary relief;

G.     For injunctive relief as pleaded or as the Court may deem proper; and

H.     For an order awarding Plaintiffs, the Class, and the Subclasses their reasonable attorneys' fees and expenses and costs of suit.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all causes of action and issues so triable.

Dated: June 30, 2017         Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:_____*/s/ L. Timothy Fisher*_____
            L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
          jsmith@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Interim Class Counsel*

**EXHIBIT A**

# BURSOR & FISHER

P.A.

888 SEVENTH AVENUE
3ᴿᴰ FLOOR
NEW YORK, NY 10019
www.bursor.com

NEAL J. DECKANT
Tel: 646.837.7165
Fax: 212.989.9163
ndeckant@bursor.com

December 21, 2015

*Via Certified Mail – Return Receipt Requested*

Trader Joe's Company
800 S. Shamrock Avenue
Monrovia, CA  91016

Trader Joe's East Inc.
711 Atlantic Avenue, Floor 3
Boston, MA  02111

Re:     *Notice and Demand Letter Pursuant to California Civil Code § 1782 and U.C.C. § 2-607*

To Whom It May Concern:

This letter serves as a preliminary notice and demand for corrective action by Trader Joe's Company and Trader Joe's East Inc. (collectively, "Trader Joe's") pursuant to the provisions of California Civil Code § 1782, on behalf of our clients, Atzimba Reyes and Sarah Magier, and a class of all similarly situated purchasers (the "Class") of 5-ounce canned Trader Joe's Albacore Tuna in Water Salt Added, 5-ounce canned Trader Joe's Albacore Tuna in Water Half Salt, 5-ounce canned Trader Joe's Albacore Tuna in Water No Salt Added, 5-ounce canned Trader Joe's Skipjack Tuna in Water With Sea Salt, 5-ounce canned Trader Joe's Albacore Tuna in Olive Oil Salt Added, and 5-ounce canned Trader Joe's Yellowfin Tuna in Olive Oil Solid Light (collectively, "Trader Joe's Tuna").  This letter also serves as notice pursuant to U.C.C. § 2-607(3)(a) concerning the breaches of express and implied warranties described herein.

Our clients purchased one or more 5-ounce cans of Trader Joe's Tuna, which were underfilled and thus substantially underweight.   Independent testing by the U.S. National Oceanic and Atmospheric Administration ("NOAA")[1] determined that 5-ounce cans of Trader Joe's Albacore Tuna in Water Salt Added contain an average of only 2.61 ounces of pressed cake tuna when measured precisely according to the methods specified by 21 C.F.R. § 161.190(c).  This is 19.2% below the federally mandated minimum standard of fill for these 5-ounce cans.  *See* 21 C.F.R. § 161.190(c)(2)(i)-(xii).  Similarly, NOAA determined that 5-ounce cans of Trader Joe's Skipjack Tuna in Water With Sea Salt contain an average of only 2.56 ounces of pressed cake tuna when measured precisely according to the methods specified by 21 C.F.R. § 161.190(c), which is 9.9% below the federally mandated minimum standard of fill for these 5-ounce cans.  These results are further corroborated by additional testing by NOAA.  In

---

[1] NOAA is an agency of the U.S. Department of Commerce with responsibility for regulating the nation's fisheries.

short, Trader Joe's is cheating purchasers by providing less tuna than they are paying for.  *See* U.C.C. §§ 2-313, 2-314.

By systematically underfilling and selling short-weighted cans of Trader Joe's Tuna, Trader Joe's has violated and continues to violate subsections (a)(5) and (a)(9) of the Consumers Legal Remedies Act, Civil Code § 1770, which prohibits representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have, and advertising goods or services with intent not to sell them as advertised.

On behalf of our clients and the Class, we hereby demand that Trader Joe's immediately (1) cease and desist from continuing to underfill and sell short-weighted cans of tuna; (2) issue an immediate recall of these underfilled, short-weighted cans; and (3) make full restitution to all purchasers of Trader Joe's Tuna of all purchase money obtained from sales thereof.

We also demand that Trader Joe's preserve all documents and other evidence which refer or relate to any of the above-described practices including, but not limited to, the following:

1.    All documents concerning the packaging, canning, and manufacturing process for Trader Joe's Tuna;

2.    All documents concerning the measurements of the quantity of tuna in Trader Joe's Tuna;

3.    All standard of fill tests conducted on Trader Joe's Tuna;

4.    All documents concerning the pricing, advertising, marketing, and/or sale of Trader Joe's Tuna;

5.    All communications with customers concerning complaints or comments concerning the underfilling, short-weighting, or otherwise referencing the quantity of tuna in Trader Joe's Tuna.

If Trader Joe's contends that any statement in this letter is inaccurate in any respect, please provide us with your contentions and supporting documents immediately upon receipt of this letter.

This letter also serves as a thirty (30) day notice and demand requirement under § 1782 for damages.  Accordingly, should Trader Joe's fail to rectify the situation on a class-wide basis within 30 days of receipt of this letter, we will seek actual damages, plus punitive damages, interest, attorneys' fees and costs.

Please contact me right away if you wish to discuss an appropriate way to remedy this matter.  If I do not hear from you promptly, I will take that as an indication that you are not interested in doing so.

BURSOR & FISHER
P.A.

Very truly yours,

Neal J. Deckant