ROBERT J. PARKS (SBN 103014)
rparks@parksandsolar.com
KEITH R. SOLAR (SBN 120741)
ksolar@parksandsolar.com
DOUGLAS W. GILLIE (SBN 286237)
dgillie@parksandsolar.com
PARKS & SOLAR, LLP
501 West Broadway, Suite 1540
San Diego, CA  92101
Telephone:  619 501 2700
Fax:            619 501 2300

Attorney for Defendants,
TRADER JOE'S COMPANY and TRADER JOE'S EAST INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Trader Joe's Tuna Litigation* | Case No. 2:16-cv-01371-ODW (AJW)<br>**JOINT SCHEDULING CONFERENCE REPORT**<br>Courtroom: 5D<br>Date:  December 11, 2017<br>Time:  1:30 p.m.<br>Judge:  Hon. Otis D. Wright II |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and this Court's Scheduling Conference Order filed October 16, 2017 (Doc. No. 71), counsel for Plaintiff Atzimba Reyes ("Plaintiff") and Defendants Trader Joe's Company and Trader Joe's East Inc. ("Defendants," and together with Plaintiff, the "Parties"), having conferred on November 17, 2017, submit the following Joint Rule 26(f) Report:

## I. SYNPOSIS OF THE PRINCIPAL ISSUES IN THE CASE

### A. Plaintiff's Position[1]

Plaintiff alleges that Trader Joe's-brand tuna fish is underfilled and thus substantially underweight. The exact products at issue are: (i) 5-ounce canned Trader Joe's Albacore Tuna in Water Salt Added, (ii) 5-ounce canned Trader Joe's Albacore Tuna in Water Half Salt, (iii) 5-ounce canned Trader Joe's Albacore Tuna in Water No Salt Added, (iv) 5-ounce canned Trader Joe's Albacore Tuna in Olive Oil Salt Added, (v) 5-ounce canned Trader Joe's Skipjack Tuna in Water with Sea Salt, and (vi) 5-ounce canned Trader Joe's Yellowfin Tuna in Olive Oil Solid Light (collectively, "Trader Joe's Tuna").

Specifically, independent testing by a laboratory retained by Plaintiff's counsel determined that 5-ounce cans of Trader Joe's Albacore Tuna in Water Salt Added contain an average of only 2.61 ounces of pressed cake tuna when measured precisely according to the methods specified by 21 C.F.R. § 161.190(c). This is 19.2% below the federally mandated minimum standard of fill of 3.23 ounces for these cans. *See* 21 C.F.R. § 161.190(c)(2)(i)-(xii). The same tests revealed similar results for the other varieties of Trader Joe's Tuna at issue.

Plaintiff Reyes is a citizen of California who resides in Cypress, California. While living in California, Plaintiff Reyes purchased one or more 5-ounce cans of Trader Joe's Albacore Tuna in Water Salt Added for her household and personal use, which were underfilled and thus substantially underweight, at a Trader Joe's retail

---

[1] Defendants deny the allegations in this subsection I.A., "Plaintiff's Position."

store located in Davis, California. Plaintiff Reyes purchased Trader Joe's Tuna after she read the label on the can that said it contained an adequate amount of tuna for a 5 oz. can. These representations were substantial factors influencing her decision to purchase Trader Joe's Albacore Tuna in Water Salt Added. She would not have purchased Trader Joe's Tuna had she known that the cans were underfilled and underweight.

### B. Defendants' Position

Plaintiff accuses Defendants of wrongdoing for conduct expressly permitted by the FDA. The gravamen of Plaintiff's claims is that Defendants' canned tuna was allegedly below a certain weight of pressed cake of tuna in the can and so should have contained the statement "Below Standard in Fill" on the label. Plaintiff asserts this conduct violates the FDA's Pressed Weight Standard, 21 C.F.R. § 161.190. For years, however, the FDA has expressly permitted the nation's largest tuna manufacturers to omit the statement "Below Standard in Fill," pursuant to a temporary marketing permit dated June 20, 2014 (the "Tuna TMP") and indefinitely extended on March 7, 2016. 79 Fed. Reg. 35362, 81 Fed. Reg. 11813.

**Last week, on November 21, 2017, the FDA approved Defendants' application to participate in the Tuna TMP**, thereby reaffirming the baselessness of Plaintiff's claims. The FDA has now expressly approved what Plaintiff accuses Defendants of doing: omitting the statement "Below Standard in Fill." It is implausible that a reasonable consumer would be deceived by labels that accurately disclose net weight (5 oz.) and drained weight (4 oz.) and that have been expressly approved by the FDA—the very agency that promulgated the standard that Plaintiff now unconstitutionally seeks to enforce.

Defendants believe the principle issues in this case are:

- Whether Plaintiff's claims are preempted, because Congress prohibits private actions to enforce standards promulgated under the Federal Food, Drug, and Cosmetic Act (FDCA), 21 U.S.C. §

337, and Plaintiff attempts to bring a private action to enforce a standard promulgated under the FDCA: the Pressed Weight Standard, 21 C.F.R. § 161.190(c).

- Whether a reasonable consumer is likely to be deceived by conduct that the FDA expressly permits Defendants and the nation's three largest tuna brands to engage in, namely, deviating from the U.S. standard of identity for canned tuna by labeling the canned tuna without the statement "Below Standard in Fill" but accurately disclosing net weight (5 oz.) and drained weight (4 oz.).
- Whether Plaintiff or any putative class member actually and reasonably relied on the alleged nondisclosure "Below Standard in Fill" when purchasing Trader Joe's canned tuna.
- Whether Plaintiff or any putative class member was harmed by purchasing Trader Joe's canned tuna.
- Whether Plaintiff or any putative class member has Article III or statutory standing.
- Whether the Pressed Weight Standard violates substantive due process for want of a rational basis, whether its enforcement against Defendants but not against other canned-tuna brands violates equal protection, and whether allowing a California consumer to enforce the Pressed Weight Standard, through incorporation by reference to California's Sherman Law, violates the dormant commerce clause, because it burdens interstate commerce without benefitting, but rather harming, California consumers.
- Whether class certification is appropriate.

II.  **DISCOVERY PLAN (Fed. R. Civ. P. 26(f)(3))**

    A.  **Rule 26(a) Disclosures:**

The Parties will exchange Rule 26(a)(1) initial disclosures on or before December 1, 2017, per the Court's Order Regarding Scheduling (Doc. No. 70), and do not request any changes in the form or requirements for disclosures under Fed. R. Civ. P. 26(a).

    B.  **Discovery Subjects, Scheduling, and Phases:**

        1.  **Subjects on which discovery may be needed**

Plaintiff anticipates taking discovery on the following subjects:

- Sales of Trader Joe's Tuna during the class period.
- The average retail price of Trader Joe's Tuna during the class period.
- The suppliers, manufacturers, packagers, or canners that Trader Joe's contracted with to acquire canned tuna to sell during the class period, including but not limited to suppliers, manufacturers, packagers, or canners located in Colombia, Thailand, and Indonesia, and the quantity of canned tuna that Trader Joe's purchased from these entities.
- Documents and information relevant to the standard of fill for Trader Joe's Tuna during the class period, including but not limited to documents and information concerning the machines used to press Trader Joe's Tuna.
- The retail stores that sold Trader Joe's Tuna during the class period.
- Consumer feedback concerning Trader Joe's Tuna during the class period, including but not limited to the number and nature of consumer complaints and the complaints themselves.
- Any communications with federal or state regulators.
- Documents and information relevant to identifying consumer purchasers of Trader Joe's Tuna during the class period.
- Documents and information concerning the claim on the label for Trader Joe's Tuna that the products purportedly contain a net weight of 5 ounces.

- Documents and information concerning Trader Joe's compliance with the standard of fill requirements, including but not limited to test results.
- Documents sufficient to show past and present labels of Trader Joe's Tuna sold within the class period.
- Advertisements for Trader Joe's Tuna during the class period.
- The processes and methods used to manufacture, can, and package Trader Joe's Tuna within the class period.
- Documents sufficient to identify any insurance agreement.
- The financial condition of Trader Joe's.[2]

Defendants anticipate taking discovery on the following subjects:

- Plaintiff's allegations in the SAC and Defendants' affirmative defenses.
- Plaintiff's and putative class members' purchases of Trader Joe's canned tuna during the relevant time period.
- Plaintiff's and putative class members' purchases of other canned tuna during the relevant time period.
- Plaintiff's and putative class members' alleged reliance on representations or nondisclosures when purchasing Trader Joe's canned tuna, and whether such reliance was reasonable or justifiable.
- Whether Defendants made any representations or nondisclosures likely to deceive a reasonable consumer.
- Whether Plaintiff or putative class members were harmed as a result of purchasing Trader Joe's canned tuna.
- Plaintiff's and putative class members' expectations when purchasing Trader Joe's or other canned tuna.
- FDA interpretation of the Pressed Weight Standard.
- FDA policy as to enforcement of the Pressed Weight Standard.
- History of FDA enforcement of the Pressed Weight Standard.

---

[2] Plaintiff has agreed to withhold propounding discovery on this subject (Defendants' financial condition) until after disposition of Plaintiff's motion for class certification. Defendants do not believe such discovery is appropriate even at that time.

- Other canned-tuna brands' compliance with the Pressed Weight Standard, including Plaintiff's allegation that "Defendants conduct also runs contrary to the standard practices and procedures of other tuna manufacturers." (SAC ¶ 13.)
- NOAA procedures, policies, test results, and communications, including with Plaintiff, relating to the Pressed Weight Standard.
- Documents relating to any other testing of canned tuna commissioned or conducted by Plaintiff, or in Plaintiff's possession.
- Plaintiff's allegation and calculation of damages.

### 2. When discovery should be completed

The Parties each served initial discovery requests on November 22, 2017. Prior to disposition of Plaintiff's motion for class certification, the Parties will direct discovery to issues relevant to class certification. Class-certification briefing likely will require expert opinions, so the Parties have allotted time for expert disclosures and depositions in their proposed briefing schedule for class certification, as follows:

| DATE | EVENT |
| --- | --- |
| August 3, 2018 | Plaintiff to file motion for class certification |
| October 5, 2018 | Defendants to file opposition to motion for class certification |
| November 9, 2018 | Plaintiff to file reply in support of motion for class certification |
| December 10, 2018 | Hearing on motion for class certification |

The Parties propose that they meet and confer following the Court's disposition of the motion for class certification and then file a supplemental joint scheduling plan, within fourteen days of entry of the Court's order on the motion for class

certification, to propose a schedule for any remaining fact and merit expert discovery, dispositive motions, and pretrial deadlines.

      **3.    Whether discovery should be conducted in phases or be limited to or focused on particular issues:**

As stated above, prior to disposition of Plaintiff's motion for class certification, the Parties will tailor discovery to issues relevant to class certification, without prejudice to additional discovery, if necessary, following the Court's disposition of the motion for class certification.

    **C.    Electronically Stored Information ("ESI")**

The Parties do not anticipate any issues regarding discovery of ESI and will work together in good faith should issues arise.  With respect to all discovery, the Parties will draft and enter a stipulated protective order.

    **D.    Claims of Privilege or of Protection as Trial-Preparation Materials:**

The Parties do not anticipate any unusual privilege or work-product issues.

    **E.    Changes to Limitations to Discovery Imposed under FRCP or Local Rules:**

None requested at this time.

    **F.    Any other Orders the Court Should Issue:**

None requested at this time.

**III.    Additional Prompts from Court's Scheduling Conference Order (Doc. No. 71)**

    **A.    Alternative Dispute Resolution**

The Parties have not yet engaged in any settlement efforts.  The Parties recommend C.D. Cal. Local Rule 16-15.4, ADR PROCEDURE NO. 3, participation in a private dispute resolution proceeding.

    **B.    Trial**

The Parties estimate a trial lasting 2-3 weeks.  Plaintiff demands a jury trial.

**C.     Whether Parties are Likely to be Added or the Pleadings Otherwise Amended**

Plaintiff does not anticipate adding any parties or amending her Second Amended Class Action Complaint. Defendants do not anticipate adding any parties or amending their Answer.

**D.     A Statement as to Issues Which Any Party Believes May be Determined by Motion**

As discussed above, Plaintiff intends to move for class certification on or before August 3, 2018, which will determine whether this matter shall proceed as a class action pursuant to Fed R. Civ. P. 23.

Defendants may file an early motion for summary judgment to address the impact of the FDA's approval, dated November 21, 2017, of Defendants' application to participate in the Tuna TMP.

**DATED:** December 1, 2017        PARKS & SOLAR, LLP

By: /s/ Robert J. Parks
ROBERT J. PARKS
KEITH R. SOLAR
DOUGLAS W. GILLIE
Attorneys for Defendants
*Trader Joe's Company and*
*Trader Joe's East Inc.*

**DATED**: December 1, 2017        BURSOR & FISHER, P.A.

By: /s/ L. Timothy Fisher
L. TIMOTHY FISHER

L. Timothy Fisher (State Bar No. 191626)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com

*Interim Class Counsel*

**Signature Certification**

In accordance with Civil Local Rule 5-4.3.4(a)(2), I certify that the content of this document is acceptable to L. Timothy Fisher and that I have obtained authorization from him to affix his electronic signature to this document.

By: /s/ Robert J. Parks_____

Robert J. Parks, Esq.