**EXHIBIT 1**

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
E-Mail:  scott@bursor.com

*Interim Class Counsel*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Trader Joe's Tuna Litigation* | Case No. 2:16-cv-01371-ODW-AJW |
| | **STIPULATION FOR CLASS ACTION SETTLEMENT** |
| | Judge:  Hon. Otis D. Wright II |

1

## STIPULATION FOR CLASS ACTION SETTLEMENT

This Stipulation for Class Action Settlement (the "Settlement Agreement") is made by and among ATZIMBA REYES (the "Class Representative" or "Plaintiff Reyes"), on behalf of herself and the Settlement Class (defined below), on the one hand, and TRADER JOE'S COMPANY and TRADER JOE'S EAST INC. (collectively, "Trader Joe's" or "Defendants") (together with the Class Representative, the "Parties," and each a "Party"), on the other hand, subject to and conditioned upon Court approval of the terms and conditions hereof.

## RECITALS

A.     On January 5, 2016, Plaintiff Sarah Magier commenced an action entitled *Magier v. Trader Joe's Co.*, No. 1:16-cv-00043 (S.D.N.Y.), as a proposed class action, asserting claims for breach of express warranty, breach of the implied warranty of merchantability, breach of the implied warranty of fitness for a particular purpose, unjust enrichment, violation of New York's General Business Law § 349, violation of New York's General Business Law § 350, negligent misrepresentation, and fraud.  At issue in the *Magier* matter were allegations that Trader Joe's underfilled certain 5-ounce canned tuna products.

B.     On January 29, 2016, Plaintiff Sarah Magier amended her operative complaint to add the allegations of Plaintiff Atzimba Reyes.  In doing so, the amended *Magier* complaint added claims for violation of California's Consumers Legal Remedies Act, violation of California's Unfair Competition Law, and violation of California's False Advertising Law.

C.     On February 26, 2016, Plaintiff Amy Joseph commenced an action entitled *Joseph v. Trader Joe's Co.*, 2:16-cv-01371-ODW-AJW (C.D. Cal.), as a proposed class

2

action.  At issue in the *Joseph* matter were allegations that Trader Joe's Company underfilled certain 5-ounce canned tuna products.

D.      On February 26, 2016, Plaintiff Kathy Aliano commenced an action entitled *Aliano v. Trader Joe's Co.*, No. 1:16-cv-02623 (N.D. Ill.), as a proposed class action.  At issue in the *Aliano* matter were allegations that Trader Joe's Company underfilled certain 5-ounce canned tuna products.

E.      On March 11, 2016, Plaintiff Aliano filed a Motion for Coordination or Consolidation and Transfer Pursuant to 28 U.S.C. § 1407 (the "Motion for Coordination") with the United States Judicial Panel on Multidistrict Litigation (the "JPML"), seeking coordination of the *Aliano*, *Joseph*, and *Magier* matters.

F.      On April 19, 2016, Plaintiff Christine Shaw commenced an action entitled *Shaw v. Trader Joe's Co.*, No. 2:16-cv-02686-ODW-AJW (C.D. Cal.), as a proposed class action.  At issue in the *Shaw* matter were allegations that Trader Joe's Company underfilled certain 5-ounce canned tuna products.

G.      On May 26, 2016, counsel for the Parties appeared before the JPML and agreed to stipulate to a change of venue pursuant to 28 U.S.C. § 1404, such that the *Aliano*, *Joseph*, *Magier*, and *Shaw* matters "will be venued in the Central District of California."  Based on these representations, the JPML considered the Motion for Coordination to be withdrawn, in favor of voluntary transfer and coordination pursuant to 28 U.S.C. § 1404.

H.      On November 1, 2016, following the Parties' voluntary transfer to the U.S. District Court for the Central District of California before Judge Otis D. Wright II (the "Court"), the Court ordered the *Aliano*, *Joseph*, *Magier*, and *Shaw* matters to be consolidated and thereafter captioned *In re Trader Joe's Tuna Litigation*, No. 2:16-cv-01371-ODW-AJW (C.D. Cal.) (the "Action").

3

I.      On November 7, 2016, counsel for Plaintiffs Aliano, Joseph, and Shaw filed a Motion for Appointment of Interim Class Counsel, pursuant to Fed. R. Civ. P. 23(g).

J.      On November 7, 2016, counsel for Plaintiffs Magier and Reyes filed a competing Motion for Appointment of Interim Class Counsel.

K.      On December 21, 2016, the Court appointed Plaintiffs Magier and Reyes' counsel, Bursor & Fisher, P.A., as sole Interim Class Counsel.

L.      On January 20, 2017, Plaintiffs Magier and Reyes filed the First Amended Class Action Complaint in the Action, asserting claims for breach of express warranty, breach of the implied warranty of merchantability, unjust enrichment, violation of New York's General Business Law § 349, violation of New York's General Business Law § 350, negligent misrepresentation, fraud, violation of California's Consumers Legal Remedies Act, violation of California's Unfair Competition Law, and violation of California's False Advertising Law.

M.      On March 21, 2017, Trader Joe's moved to dismiss the First Amended Class Action Complaint.

N.      On June 2, 2017, the Court granted Trader Joe's motion to dismiss, with leave to amend, based predominantly on preemption grounds.

O.      On June 30, 2017, Plaintiffs Magier and Reyes filed the Second Amended Class Action Complaint in the Action.

P.      On July 28, 2017, Trader Joe's moved to dismiss the Second Amended Class Action Complaint.

Q.      On October 3, 2017, the Court granted in part and denied in part Trader Joe's motion to dismiss the Second Amended Class Action Complaint.  Specifically, the Court dismissed Plaintiff Magier's claims in their entirety as preempted.  As to Plaintiff

4

Reyes, the Court dismissed her claims for breach of express warranty and negligent misrepresentation.  Accordingly, the remaining claims consist of Plaintiff Reyes' claims for breach of the implied warranty of merchantability, unjust enrichment, fraud, violation of California's Consumers Legal Remedies Act, violation of California's Unfair Competition Law, and violation of California's False Advertising Law.

R.     On November 9, 2017, Trader Joe's filed its Answer to the Second Amended Class Action Complaint.

S.     On November 22, 2017, the Parties exchanged discovery requests. Specifically, Plaintiff Reyes served interrogatories and requests for production on Trader Joe's.  That same day, Trader Joe's served requests for production on Plaintiff Reyes.

T.     On December 1, 2017, the Parties exchanged initial disclosures and filed a Joint Scheduling Conference Report pursuant to Rule 26(f).

U.     On December 22, 2017, the Parties served written discovery responses.

V.     On January 2, 2018, Plaintiff Reyes made her first document production.

W.     On January 19, 2018, Trader Joe's made their first document production. Trader Joe's made subsequent document productions on May 11, 2018 and May 21, 2018.

X.     On March 1, 2018, Plaintiff Reyes served a subpoena on a third-party, Tri-Union Seafoods, LLC ("Tri-Union").

Y.     On March 30, 2018, Trader Joe's filed an Amended Answer to the Second Amended Class Action Complaint.

Z.     On April 13, 2018, Tri-Union made its first document production. Tri-Union made a subsequent document production on April 20, 2018.

AA.   On May 14, 2018, Plaintiff Reyes served a notice of deposition pursuant to

Rule 30(b)(6) on Trader Joe's.  On May 16, 2018, Plaintiff Reyes served five additional deposition notices on Trader Joe's for various Trader Joe's employees.

BB.    On July 9, 2018, following months of informal negotiations, the Parties attended an in-person mediation, where they executed a binding Class Action Settlement Term Sheet, subject to approval of the Court.

CC.    Trader Joe's denies the material allegations made in the Action and denies any and all liability with respect to all facts and claims alleged therein, and further denies that any of the Settlement Class Members (defined below) or anyone has suffered any harm or damage or is entitled to any monetary or other relief whatsoever.  Trader Joe's is settling at the request of the supplier that provides the Trader Joe's Tuna Products (defined below).

DD.    Class Counsel (defined below) conducted a detailed and thorough examination and investigation of the facts and law relating to the matters in the Action, including, but not limited to, formal and informal discovery, testing of the Trader Joe's Tuna Products at issue (defined below), review and analysis of Trader Joe's sales data, review and analysis of Trader Joe's product testing data, review and analysis of applicable labeling and advertising materials, and the service of a third-party subpoena and review of resulting documents.   The Class Representative and Class Counsel, after taking into account the foregoing, along with the risks and costs of further litigation, represent that they are satisfied that the terms and conditions of this Settlement Agreement are fair, reasonable, and adequate, and that this Settlement Agreement is in the best interest of the Settlement Class Members.

EE.    Trader Joe's, while continuing to deny all allegations of wrongdoing and disclaiming all liability with respect to all claims, considers it desirable to resolve the Action on the terms stated herein in order to avoid further expense, inconvenience, and

6

burden and, therefore, has determined that this Settlement Agreement on the terms set forth herein is in Trader Joe's best interests.

FF.    This Settlement Agreement reflects a compromise between the Parties and shall in no event be construed as or be deemed an admission or concession by any Party of the truth of any allegation or the validity of any purported claim or defense asserted in any of the pleadings in the Action, or of any fault on the part of Trader Joe's, and all such allegations expressly are denied.

GG.    Substantial settlement negotiations have taken place over more than six months between the Parties, including multiple telephonic and written communications, including exchanging legal theories and discovery, culminating in the in-person mediation on July 9, 2018.  As a result, this Settlement Agreement has been reached, subject to the Court approval process set forth herein.

In consideration of the covenants and agreements set forth herein, and of the releases and dismissals of claims as described below, and other good and valuable consideration, the receipt and sufficiency of which hereby is acknowledged by each of the Parties, the Class Representative, on behalf of herself and the Settlement Class Members, Class Counsel, and Trader Joe's agree to the Settlement Agreement described herein, subject to Court approval, under the following terms and conditions:

# I.  **DEFINITIONS**

1.1    "Cash Claim" has the meaning set forth at paragraph 2.3(a) below.

1.2    "Claim Form" means the document to be submitted by Settlement Class Members seeking cash pursuant to this Settlement Agreement.  The Claim Form will be available online at the Settlement Website (defined at paragraph 1.24 below) and the contents of the Claim Form will be approved by the Court.

7

1.3     "Claimant" means a Settlement Class Member who submits a claim for cash payment as described in Section II of this Settlement Agreement.

1.4     "Class Counsel" means the law firm Bursor & Fisher, P.A.

1.5     "Class Notice" means the Court-approved "Notice of Class Action Settlement."

1.6     "Class Representative" means Atzimba Reyes.

1.7     "Court" means the U.S. District Court for the Central District of California.

1.8     "Defendants' Counsel" means the law firm of Parks & Solar, LLP.

1.9     "District Court Final Approval Date" means the date on which the Court's Settlement Approval Order and Final Judgment (defined at paragraph 1.23 below) is entered.

1.10    "Fee and Expense Award" means the amount awarded to Class Counsel by the Court for attorneys' fees, costs, and expenses as provided in the Settlement Approval Order and Final Judgment.

1.11    "Final Settlement Approval Date" means the date which is thirty (35) days after service of notice of entry of the Settlement Approval Order and Final Judgment on the Parties and all objectors to the Settlement Agreement, if any, without any appeal being taken, or if an appeal or request for review has been taken, the date on which the Settlement Approval Order and Final Judgment has been affirmed by the court of last resort to which an appeal or request for review has been taken and such affirmance is no longer subject to further appeal or review, or the date of denial of review after exhaustion of all appellate remedies.

1.12    "Incentive Award" means any award sought by application to and approved by the Court that is payable to the Class Representative from the Settlement Fund.

1.13    "Media Plan" means the Settlement Administrator's plan to disseminate

8

Class Notice to Settlement Class Members.

1.14 "Notice and Other Administrative Costs" means all costs and expenses actually incurred by the Settlement Administrator (defined below) in the publication of Class Notice, establishment of the Settlement Website (defined below) and the processing, handling, reviewing, and paying of claims made by Claimants, which have been estimated by the Settlement Administrator to be $357,953.

1.15 "Parties" means Atzimba Reyes, Trader Joe's Company, and Trader Joe's East Inc.

1.16 "Preliminary Approval" means that the Court has entered an order preliminarily approving the terms and conditions of this Settlement Agreement, including the manner of providing and content of notice to Settlement Class Members.

1.17 "Preliminary Approval Date" means the date on which the Court enters an Order granting Preliminary Approval.

1.18 "Released Persons" means Trader Joe's; all of Trader Joe's past and present respective parents, subsidiaries, divisions, affiliates, persons and entities directly or indirectly under its or their control in the past or in the present; Trader Joe's respective assignors, predecessors, successors, and assigns; all past or present partners, shareholders, managers, members, directors, officers, employees, agents, attorneys, insurers, accountants, and representatives of any and all of the foregoing; Trader Joe's manufacturers, distributors, and suppliers (collectively, the "Upstream Released Persons") of the Trader Joe's Tuna Products (defined below); all of the Upstream Released Persons' past and present respective parents, subsidiaries, divisions, affiliates, persons and entities directly or indirectly under its or their control in the past or in the present; all of the Upstream Released Persons' respective assignors, successors, and assigns; and all past or present partners, shareholders, managers,

9

members, directors, officers, employees, agents, attorneys, insurers, accountants, and representatives of any and all of the foregoing Upstream Released Persons.

1.19    "Settlement Administrator" means KCC Class Action Services, LLC and its successors and assigns.

1.20    "Settlement Class Members" or "Settlement Class" means: "All persons in the United States who purchased Trader Joe's Tuna (defined below) from January 5, 2012 through the date on which class notice is disseminated."

Excluded from this definition are the Released Persons.  Settlement Class Members who exclude themselves from the Settlement, pursuant to the procedures set forth in Section V of the Settlement Agreement, shall no longer thereafter be Settlement Class Members and shall not be bound by this Settlement Agreement and shall not be eligible to make a claim for any benefit under the terms of this Settlement Agreement.

1.21    "Settlement Class Period" means the period of time from January 5, 2012 through the date on which class notice is disseminated.

1.22    "Settlement Fund" means the total cash commitment of Trader Joe's for purposes of this settlement, as described in Section II of this Settlement Agreement, in the amount of one million three hundred thousand dollars ($1,300,000.00).

1.23    "Settlement Approval Order and Final Judgment" means an order and judgment issued and entered by the Court, substantially in the form as that attached hereto and made a part hereof as Exhibit A, approving this Settlement Agreement as binding upon the Parties and the Settlement Class Members and dismissing the Action with prejudice, and setting the amount for an award of attorneys' fees to be paid from the Settlement Fund, not to exceed one-third of the total $1.3 million value of the Settlement Fund, plus any award of costs and expenses, also to be paid from the Settlement Fund, to Class Counsel by the Court.  The Settlement Approval Order and

Final Judgment shall constitute a judgment within the meaning and for purposes of Rule 54 of the Federal Rules of Civil Procedure.  The Parties jointly shall request the Court to enter the proposed Settlement Approval Order and Final Judgment substantially in the form attached hereto and made a part hereof as Exhibit A.

1.24   "Settlement Website" means a website operated and maintained by the Settlement Administrator solely for purposes of making available to the Settlement Class Members the documents, information, and online claims submission process referenced in paragraphs 2.3 through 2.5, below.

1.25   "Short Form Notice" means the Court-approved form of notice for publication to Settlement Class Members, pursuant to the Media Plan.

1.26   "Trader Joe's Tuna" or "Trader Joe's Tuna Products" means (i) 5-ounce canned Trader Joe's Albacore Tuna in Water Salt Added, (ii) 5-ounce canned Trader Joe's Albacore Tuna in Water Half Salt, (iii) 5-ounce canned Trader Joe's Albacore Tuna in Water No Salt Added, (iv) 5-ounce canned Trader Joe's Albacore Tuna in Olive Oil Salt Added, (v) 5-ounce canned Trader Joe's Skipjack Tuna in Water With Sea Salt, and (vi) 5-ounce canned Trader Joe's Yellowfin Tuna in Olive Oil Solid Light, purchased during the Settlement Class Period.

1.27   As used herein, the plural of any defined term includes the singular thereof and the singular of any defined term includes the plural thereof, as the case may be.

## II.  SETTLEMENT CONSIDERATION

2.1   <u>Benefit to Settlement Class Members from the Settlement Fund</u>.  The Settlement Fund will be used to provide benefits to or on behalf of the Settlement Class as follows:

Trader Joe's will pay $1.3 million in cash as the Settlement Fund for payment of

11

the following: (i) valid claims for cash benefits submitted by Settlement Class Members pursuant to paragraph 2.4 below; (ii) the Notice and Other Administrative Costs actually incurred by the Settlement Administrator, which has been estimated to be $357,953, as described in paragraph 4.5 below; (iii) check distribution costs; (iv) the Fee and Expense Award, as described in paragraph 3.1 below, and (v) any Incentive Award to the Class Representative, not to exceed $5,000.00 as may be ordered by the Court and as described in paragraph 3.2 below.

2.2    <u>Total Financial Commitment</u>.  Trader Joe's total financial commitment and obligation under this Settlement Agreement, including but not limited to paragraph 2.1, is $1.3 million.  Trader Joe's shall fully fund the Settlement Fund within thirty (30) days of the Final Settlement Approval Date, subject to the provisions described in paragraph 3.1 below regarding payment of Class Counsel's Fee and Expense Award.  With the exception of the contribution to the Settlement Fund necessary to pay the Fee and Expense Award, which contribution shall be provided to the Settlement Administrator under the terms set forth in Section 3.1, Trader Joe's shall have no obligation to make any payment to the Settlement Fund, including for portions of the Settlement Fund attributable to any Cash Claim, Incentive Award, or Notice and Other Administrative Costs, unless and until the Final Settlement Approval Date occurs.

2.3    <u>Claims Process</u>.  Each Settlement Class Member shall be entitled to submit a claim for cash payment consistent with this paragraph and as approved by the Court.

a.   *Cash Payment*.  Each Settlement Class Member may file a claim that will, if valid, entitle him or her to a cash payment.  A Settlement Class Member's claim for cash payment pursuant to this paragraph 2.3(a) shall be considered a "Cash Claim."  The maximum amount of cash payable to each Settlement Class Member making a valid Cash Claim shall be $29.00.  If the Settlement

Fund is insufficient to pay all valid Settlement Class Member Cash Claims, individual payment amounts for Cash Claims shall be reduced on a pro-rata basis as described in paragraph 2.6 below.

b. *Cash Payment from Fund.*  Cash Claims will be paid after the Final Settlement Approval Date from the Settlement Fund.

2.4   Proof of Claim.  A maximum of one claim, submitted on a single Claim Form, may be submitted by each Settlement Class Member.  A Claimant must include information in the Claim Form – completed online or in hard copy mailed to the Settlement Administrator – confirming under penalty of perjury the following: (i) the specific Trader Joe's Tuna Product(s) purchased and (ii) that the purchase or purchases were made within the Settlement Class Period.  No Claimant is required to submit a receipt for proof of purchase of any Trader Joe's Tuna Product(s) to the Settlement Administrator in order to make a Claim.

2.5   Review of Claims.  The Settlement Administrator shall be responsible for reviewing all claims to determine their validity.  The Settlement Administrator shall reject any claim that does not comply in any material respect with the instructions on the Claim Form or the terms of paragraph 2.4, above, or is submitted after the close of the claim period set by the Court.

2.6   Pro-Rata Reduction of Benefits.  If the dollar value of valid Cash Claims, determined in accordance with paragraphs 2.4 and 2.5 above, exceeds the respective amounts available in the Settlement Fund available to satisfy those claims, awards to Settlement Class Members from the Settlement Fund shall be reduced as follows:

a. *Cash Benefit.*  If, as of the Final Settlement Approval Date, the cash amount available for the Settlement Fund to satisfy valid Cash Claims is less than the total cash value of valid Cash Claims, cash payments will be reduced on a pro-

13

rata basis, such that the total available cash will satisfy all Cash Claims.

2.7    <u>Cash Benefit – Uncleared Checks</u>.  Those Settlement Class Members whose cash benefit checks are not cleared within one hundred eighty (180) days after issuance shall be ineligible to receive a cash settlement benefit, and Trader Joe's shall have no further obligation to make any payment pursuant to this Settlement Agreement or otherwise to such Settlement Class Members.  All unpaid funds from uncleared checks shall be donated to a charity agreed upon by Class Counsel, Defendants' Counsel, and the Settlement Administrator.

2.8    <u>Distribution of Unclaimed Settlement Class Benefits After Payment of Valid Claims</u>.  Trader Joe's shall have no obligation to pay more than $1.3 million cash to satisfy the terms of this Settlement.  Any cash remaining in the Settlement Fund after payments of valid Cash Claims shall increase the amount of each Class Claim *pro rata*, by dividing the amount of the funds remaining in the Settlement Fund by the number of valid Cash Claims as calculated by the Settlement Administrator.

2.9    <u>Notice to Attorneys General</u>.  Not later than ten (10) days after the Motion for Preliminary Approval of the Settlement is filed in court, the Settlement Administrator shall in consultation with Defendants' counsel provide notice of the proposed class action settlement to the appropriate state officials (*i.e.*, each state attorney general) pursuant to 28 U.S.C. § 1715, and the costs of such notice shall be paid from the Settlement Fund.

## III.  CLASS COUNSEL'S ATTORNEYS' FEES AND EXPENSES AND THE CLASS REPRESENTATIVE'S INCENTIVE AWARD

3.1    <u>Attorneys' Fees, Costs and Expenses</u>.  Class Counsel will petition the Court for an award of attorneys' fees in an amount not to exceed one third (1/3) of the

14

total $1.3 million value of the Settlement Fund, plus reimbursement of Class Counsel's costs and expenses.  The Settlement Administrator shall pay Class Counsel's Fee and Expense Award from the Settlement Fund within ten (10) days after service of notice of entry of the Settlement Approval Order and Final Judgment, and Trader Joe's will provide the necessary funds to the Settlement Administrator for the Fee and Expense Award in advance of this deadline, subject to Class Counsel executing the Undertaking Regarding Attorneys' Fees and Costs (the "Undertaking") attached hereto as Exhibit B, and providing all payment routing information and tax I.D. numbers for Class Counsel. The Fee and Expense Award shall be the total obligation of Trader Joe's to pay for attorneys' fees, costs and/or expenses of any kind (including, but not limited to, travel, filing fees, court reporter and videographer expenses, expert fees and costs, and document review and production costs related to this Action or any claims asserted in the Action).  Notwithstanding the foregoing, if the final Settlement Approval Order and Final Judgment or any part of it is vacated, overturned, reversed, or rendered void or unenforceable as a result of an appeal, or the Settlement Agreement is voided, rescinded, or otherwise terminated for any other reason, then Class Counsel shall, within thirty (30) days, repay to Trader Joe's the full amount of the attorneys' fees and costs paid by Trader Joe's to Class Counsel.  In such event, the following persons shall be jointly and severally liable for the return of such payments: (a) Bursor & Fisher P.A., and (b) Scott Bursor.  To effectuate this provision, Bursor & Fisher, P.A. and Scott A. Bursor shall, within ten (10) calendar days of the Preliminary Approval Order, execute and deliver to Trader Joe's for filing with the Court the Undertaking in the form attached as Exhibit B.

      3.2   <u>Incentive Awards</u>.  Class Counsel will petition the Court for approval of an Incentive Award payable to the Class Representatives in an amount not to exceed

15

$5,000.00.  The Settlement Administrator shall pay the Class Representative's Incentive Award from the Settlement Fund within thirty-five (35) days after the Final Settlement Approval Date, subject to the prior delivery to Trader Joe's of IRS Form W-9s for each individual receiving such award.

## IV.  NOTICE TO CLASS AND ADMINISTRATION OF SETTLEMENT

4.1     Class Notice.  The Class Notice shall conform to all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clauses), and any other applicable law, and shall otherwise be in the manner and form approved by the Court.

4.2     General Notice Terms.  The Class Notice shall:

a. Inform Settlement Class Members that, if they do not exclude themselves from the Class, they may be eligible to receive the relief under the proposed settlement;

b. contain a short, plain statement of the background of the Action, the class certification, and the proposed settlement;

c. describe the proposed settlement relief outlined in this Settlement Agreement;

d. state that any relief to Settlement Class Members is contingent on the Court's final approval of the proposed settlement.

4.3     Notice of Exclusion and Objection Rights.  The Class Notice shall inform Settlement Class Members of their rights to exclude themselves from the Class or object to the proposed settlement, as described in paragraph 5.3 below.

4.4     Time and Manner of Notice.  Class Notice shall be provided as set forth in the Media Plan; media delivery of Class Notice shall be completed within forty-five (45) days after the Preliminary Approval Date.

4.5.     Responsibilities of Settlement Administrator.  Class Counsel will retain one

16

or more Settlement Administrators (including subcontractors) to help implement the terms of the proposed Settlement Agreement.  The Settlement Administrator(s) shall be responsible for administrative tasks, including, without limitation, (a) notifying the appropriate state officials about the settlement, (b) arranging, as set forth in the Media Plan, for distribution of the Class Notice (in the form approved by the Court) and Claim Forms (in a form ordered by the Court) to Settlement Class Members, (c) answering inquiries from Settlement Class Members and/or forwarding such written inquiries to Class Counsel or their designee, (d) receiving and maintaining on behalf of the Court and the Parties any Settlement Class Member correspondence regarding requests for exclusion to the settlement, (e) establishing the Settlement Website that posts notices, Claim Forms and other related documents, (f) receiving and processing claims and distributing payments of cash to Settlement Class Members, and (g) otherwise assisting with implementation and administration of the Settlement Agreement terms.  The actual costs and expenses of the Settlement Administrator, which the Settlement Administrator has estimated to be $357,953, will be paid from the Settlement Fund.

4.6.   <u>Performance Standards of Settlement Administrator</u>.  The contract with the Settlement Administrator shall obligate the Settlement Administrator to abide by the following performance standards:

a.   The Settlement Administrator shall accurately and neutrally describe, and shall train and instruct its employees and agents to accurately and objectively describe, the provisions of this Stipulation in communications with Settlement Class Members;

b.   The Settlement Administrator shall provide prompt, accurate, and objective responses to inquiries from Class Counsel or their designee, Defendants, and/or Defendants' Counsel, and shall periodically report on claims, objectors,

etc.

c.   The Settlement Administrator shall seek clarification, instruction, or authorization for performance of its duties and expenditure or disposition of cash from both Class Counsel and their designee and from Defendants and/or Defendants' Counsel or their designee.

# V.  CLASS SETTLEMENT PROCEDURES

5.1    Settlement Approval.  As soon as practical after the signing of this Settlement Agreement, the Class Representative shall move for a Conditional Class Certification and Preliminary Approval Order, conditionally certifying the Settlement Class, preliminarily approving the terms and conditions of this Settlement Agreement as fair, reasonable, and adequate, and in the best interests of the Settlement Class Members, approving notice to the Settlement Class Members as described in Section IV above, and setting a hearing to consider final approval of the Settlement and any objections thereto.  Trader Joe's will not oppose the motion for Conditional Class Certification.

5.2    Settlement Approval Order and Final Judgment.  At or before the final approval hearing, the Class Representative shall move for entry of a Settlement Approval Order and Final Judgment substantially in the form as that attached hereto and made a part hereof as Exhibit A, granting final approval of this Settlement and holding this Settlement Agreement to be fair, reasonable, and adequate, and in the best interests of the Settlement Class Members, and binding (as of the Final Settlement Approval Date) on all Settlement Class Members who have not excluded themselves as provided below, and ordering that the Settlement relief be provided as set forth in this Settlement Agreement, ordering the releases as set forth in Section VI below to be effective on the

Final Settlement Approval Date, and entering judgment in the Action.

5.3     Exclusions, Objections, and Requests to Intervene.  The Class Notice shall advise all Settlement Class Members of their right: (a) to be excluded from the Settlement, (b) to object to the Settlement, and (c) to request the opportunity to intervene in this Action.  If, within such time as is ordered by the Court and contained in the Class Notice, any Settlement Class Member wishes to be excluded from the Settlement, he or she must do so by timely mailing a valid opt-out notice, as described in the Class Notice.  Any Settlement Class Member who timely elects to opt out of the Settlement shall not be permitted to object to the Settlement or to intervene in the Action.  Persons falling within the definition of the Settlement Class who validly and timely request exclusion from the Settlement effected by this Settlement Agreement, pursuant to the procedures set forth in the Class Notice, shall not be Settlement Class Members, shall not be bound by this Settlement Agreement, and shall not be eligible to make a claim for any benefit under the terms of this Settlement Agreement.

    a.     At least seven (7) calendar days prior to the final approval hearing, Class Counsel shall prepare or cause the Settlement Administrator to prepare a list of the persons who have excluded themselves in a valid and timely manner from the Settlement Class (the "Opt-Outs"), and Class Counsel shall file that list with the Court.  If, within such time as is ordered by the Court and contained in the Class Notice, any Settlement Class Member wishes to object to the Settlement and/or to be heard, he or she must, on or before the deadlines established by the Court, submit to the Settlement Administrator a written notice of objection and/or request to be heard.  Such communication shall state the name and address of the Settlement Class Member, shall include information sufficient to demonstrate membership in the Settlement Class, and

state the grounds for each objection asserted.

b.  If, within such time as is ordered by the Court and contained in the Class Notice, any Settlement Class Member wishes to intervene in this matter, such Settlement Class Member shall file with the Court and serve upon Defendants' Counsel and Class Counsel, his or her Motion to Intervene and all accompanying arguments and documents in support thereof.  The proposed order granting Preliminary Approval will provide that any Settlement Class Member wishing to object, appear, or intervene who fails to follow the procedures set forth above may, in the discretion of the Court, be precluded from doing so.

5.4     <u>Stay of the Action.</u>  The Parties shall request that the Court, in connection with Preliminary Approval, issue an immediate stay of the Action.

5.5     <u>Effect If Settlement Not Approved.</u>  This Settlement Agreement was entered into only for purposes of settlement, subject to and without waiver of the Parties' respective rights.  If the Court fails to enter the order granting Preliminary Approval or fails to grant final approval, or if the Final Settlement Approval Date does not occur, Class Counsel and Defendants' Counsel shall endeavor, consistent with the Settlement Agreement, to cure any defect identified by the Court.  In the event that the Settlement Agreement is terminated for any reason, final approval does not occur for any reason, or the Final Settlement Approval Date does not occur, then no term or condition of the Settlement Agreement, or any draft thereof, or any discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions shall have any effect, nor shall any such matter be admissible in evidence for any purpose in the Action, or in any other proceeding, the Parties shall be restored to their respective positions immediately preceding execution of this Settlement Agreement.

20

The Parties agree that all drafts, discussions, negotiations, documentation, or other information prepared in relation to the Settlement Agreement and the Parties' settlement discussions shall be treated as strictly confidential and may not be disclosed to any person other than the Parties' counsel, and only for purposes of the Action.

 5.6 <u>Termination.</u> The Settlement Agreement shall have no effect unless and until this Settlement Agreement is fully executed by all Parties.

# VI.  RELEASES

 6.1 <u>Release by Settlement Class Members.</u> Effective as of the Final Settlement Approval Date, each and all of the Settlement Class Members and their respective spouses, heirs, executors, successors, assigns, parents, subsidiaries and affiliates (except any such person who has filed a proper and timely request for exclusion), shall release and forever discharge, and shall be forever barred from asserting, instituting, or maintaining against any or all of the Released Persons, any and all claims, demands, actions, causes of action, lawsuits, arbitrations, damages, or liabilities whether legal, equitable, or otherwise, arising from the factual allegations and/or legal claims made in the Action, or arising from similar or related allegations, claims, or causes of action, including without limitation any allegations of false, misleading, or deceptive advertising or violation of the Consumers Legal Remedies Act, allegations of under-filling of Trader Joe's Tuna and/or any allegations of damages arising from the purchase of any Trader Joe's Tuna at any time on or after January 5, 2012 and prior to the time the Class is notified (collectively, the "Released Claims").  Excluded from the Released Claims are (a) any and all claims for personal injury, wrongful death, and/or emotional distress arising from personal injury, (b) any claims of any person or entity that purchased Trader Joe's Tuna for purposes of resale or commercial food preparation and

21

not for his/her/its own consumption (*i.e.*, "Resellers"), and (c) any antitrust claim arising from a conspiracy among, or collusive agreement between, Trader Joe's and one or more of its competitors.  With respect to the Released Claims, each of the Settlement Class Members shall be deemed to have waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of California Civil Code section 1542 (and equivalent, comparable, or analogous provisions of the laws of the United States of America or any state or territory thereof, or of the common law or civil law). Section 1542 provides that:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Each and every term of this paragraph shall inure to the benefit of each and all of the Released Persons, and each and all of their respective successors, assigns, and personal representatives, which persons and entities are intended to be beneficiaries of this paragraph.

6.2   <u>Effectuation of Settlement.</u>  None of the above releases include releases of claims or otherwise affects rights to enforce the terms of the Settlement Agreement.

6.3   <u>No Admission of Liability</u>.  This Settlement Agreement reflects, among other things, the compromise and settlement of disputed claims among the parties, and neither this Settlement Agreement nor the releases given herein, nor any consideration therefor, nor any actions taken to carry out this Settlement Agreement, are intended to

be, nor may they be deemed or construed to be, an admission or concession of liability, or the validity of any claim, defense, or of any point of fact or law on the part of any party.  Trader Joe's denies the material allegations of the complaint filed in this matter and enters into this Settlement Agreement on behalf of and at the behest of the supplier of the Trader Joe's Tuna Products.  Neither this Settlement Agreement, nor the fact of settlement, nor the settlement proceedings, nor the settlement negotiations, nor any related document, shall be used as an admission of any fault or omission by any or all of the Released Persons, or be offered or received in evidence as an admission, concession, presumption or inference of any wrongdoing or liability by any or all of the Released Persons in any proceeding, other than such proceedings as may be necessary to consummate, interpret, or enforce this Settlement Agreement.

## VII.  CERTIFICATION OF SETTLEMENT CLASS

7.1     The Parties agree, for settlement purposes only, that this Action shall be certified and proceed as a class action under Federal Rule of Civil Procedure 23(b)(3), with a class consisting of all Settlement Class Members, and with Atzimba Reyes as the Class Representative and with Class Counsel as counsel for the Settlement Class Members.

7.2     Any certification of a conditional, preliminary, or final settlement class pursuant to the terms of this Settlement Agreement shall not constitute, and shall not be construed as, an admission on the part of Trader Joe's that this Action, or any other proposed or certified class action, is appropriate for class certification or treatment pursuant to the Federal Rules of Civil Procedure or any similar state or federal class action statute or rule, except for the purposes of this settlement.  This Settlement Agreement shall be without prejudice to the rights of Trader Joe's to: (a) move to

23

dismiss or stay this Action on any applicable basis; (b) oppose certification in this
Action should this Settlement Agreement not be approved or implemented for any
reason; or (c) oppose certification in any other proposed or certified class action.
Neither the fact of this settlement nor this Settlement Agreement shall be used in
connection with efforts in any proceeding to seek certification of any claims asserted
against Trader Joe's.

## VIII.  MISCELLANEOUS PROVISIONS

8.1    <u>Change of Time Periods</u>.  The time periods and/or dates described in this
Settlement Agreement with respect to the giving of notices and hearings are subject to
approval and change by the Court or by the written agreement of Class Counsel and
Defendants' Counsel, without notice to Settlement Class Members.  The Parties reserve
the right, by agreement and subject to the Court's approval, to grant any reasonable
extension of time that might be needed to carry out any of the provisions of this
Settlement Agreement.

8.2    <u>Time for Compliance</u>.  If the date for performance of any act required by or
under this Settlement Agreement falls on a Saturday, Sunday, or court holiday, that act
may be performed on the next business day with the same effect as if it had been
performed on the day or within the period of time specified by or under this Settlement
Agreement.

8.3    <u>Governing Law</u>.  This Settlement Agreement is intended to and shall be
governed by the laws of the State of California without giving effect to principles of
conflicts of laws.

8.4    <u>Entire Agreement</u>.  The terms and conditions set forth in this Settlement
Agreement constitute the complete and exclusive statement of the agreement between

the parties relating to the subject matter of this Settlement Agreement, superseding all previous negotiations and understandings, and may not be contradicted by evidence of any prior or contemporaneous agreement.  The Parties further intend that this Settlement Agreement constitutes the complete and exclusive statement of its terms as between the parties, and that no extrinsic evidence whatsoever may be introduced in any agency or judicial proceeding, if any, involving this Settlement Agreement.  Any modification of the Settlement Agreement must be in writing signed by Class Counsel and Trader Joe's.

8.5    Advice of Counsel.  The determination of the terms and the drafting of this Settlement Agreement have been by mutual agreement after negotiation, with consideration by and participation of all parties and their counsel.  The presumption found in California Civil Code section 1654 (and equivalent, comparable, or analogous provisions of the laws of the United States of America or any state or territory thereof, or of the common law or civil law) that uncertainties in a contract are interpreted against the party causing an uncertainty to exist is waived by all parties.

8.6    Binding Agreement.  This Settlement Agreement shall be binding upon and inure to the benefit of the respective heirs, successors, and assigns of the Parties, the Settlement Class Members, and the other Released Persons.

8.7    No Waiver.  The waiver by any party of any provision or breach of this Settlement Agreement shall not be deemed a waiver of any other provision or breach of this Settlement Agreement.

8.8    Execution in Counterparts.  This Settlement Agreement shall become effective upon its execution by all of the undersigned.  The parties may execute this Settlement Agreement in counterparts, and execution of counterparts shall have the same force and effect as if all parties had signed the same instrument.  The parties further agree that signatures provided by portable document format ("PDF") or other

25

electronic transmission shall have the same force and effect as original signatures.

8.9    <u>Publicity</u>.  Except for the notice provisions set forth in the Order of Preliminary Approval and except as required by Trader Joe's in accordance with applicable law, rule, or regulation (*e.g.*, securities laws, rules, or regulations), each of the Class Representative, Class Counsel, Trader Joe's, and Defendants' Counsel agrees that there will be no campaigning (including on the Internet) regarding the Settlement. There will be no press release regarding the Settlement, and neither side will initiate contacts with the media nor issue any public statement, comment, or promotional material that references the existence or terms of the Settlement or litigation against Trader Joe's.  Any party can respond to inquiries initiated by the media, and in doing so may decline to comment, but otherwise shall only refer to the Class Notice and/or defer to the court file in this Action, but shall not provide any further comment.

8.10   <u>Enforcement of this Settlement Agreement</u>.  The Court shall retain jurisdiction, and shall have exclusive jurisdiction, to enforce, interpret, and implement this Settlement Agreement, including any alleged violation of paragraph 8.9 above, and the terms of any order entered pursuant to this Settlement Agreement.

8.11   <u>Notices</u>.  All notices or written instructions to the Parties or counsel required by this Settlement Agreement shall be made in writing and communicated by email and mail to the following addresses:

If to the Class Representative, Settlement Class Members, or Class Counsel:

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700

E-Mail: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
E-Mail:  scott@bursor.com

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

27

If to Trader Joe's or Defendants' Counsel:

**PARKS & SOLAR LLP**
Robert J. Parks (State Bar No. 103014)
501 West Broadway, Suite 1540
San Diego, CA 92101
Telephone: (619) 501-2700
rparks@parksandsolar.com

IN WITNESS HEREOF the undersigned, being duly authorized and intending to be legally bound hereby, have caused this Settlement Agreement to be executed on the dates shown below and agree that it shall take effect on the date it is executed by all of the undersigned.

**APPROVED AND AGREED:**

DATED: September __14_, 2018 _____
                                                                    Plaintiff, Atzimba Reyes

DATED: September ___, 2018 _____
                                                                    Defendant, Trader Joe's

**APPROVED AS TO FORM:**

DATED: September ___, 2018 _____
                                                                    L. Timothy Fisher
                                                                    BURSOR & FISHER, PA
                                                                    *Attorneys for Atzimba Reyes and the*
                                                                    *Putative Settlement Class*

DATED: September ___, 2018 _____
                                                                    Robert Parks
                                                                    PARKS & SOLAR, LLP
                                                                    *Attorneys for Trader Joe's*

28

If to Trader Joe's or Defendants' Counsel:

**PARKS & SOLAR LLP**
Robert J. Parks (State Bar No. 103014)
501 West Broadway, Suite 1540
San Diego, CA 92101
Telephone: (619) 501-2700
rparks@parksandsolar.com

IN WITNESS HEREOF the undersigned, being duly authorized and intending to be legally bound hereby, have caused this Settlement Agreement to be executed on the dates shown below and agree that it shall take effect on the date it is executed by all of the undersigned.

**APPROVED AND AGREED:**

DATED: September ___, 2018  _____
                                       Plaintiff, Atzimba Reyes

DATED: September 14, 2018  _____
                                       Defendant, Trader Joe's

**APPROVED AS TO FORM:**

DATED: September ___, 2018  _____
                                       L. Timothy Fisher
                                       BURSOR & FISHER, PA
                                       *Attorneys for Atzimba Reyes and the*
                                       *Putative Settlement Class*

DATED: September ___, 2018  _____
                                       Robert Parks
                                       PARKS & SOLAR, LLP
                                       *Attorneys for Trader Joe's*

28

If to Trader Joe's or Defendants' Counsel:

**PARKS & SOLAR LLP**
Robert J. Parks (State Bar No. 103014)
501 West Broadway, Suite 1540
San Diego, CA 92101
Telephone: (619) 501-2700
rparks@parksandsolar.com

IN WITNESS HEREOF the undersigned, being duly authorized and intending to be legally bound hereby, have caused this Settlement Agreement to be executed on the dates shown below and agree that it shall take effect on the date it is executed by all of the undersigned.

**APPROVED AND AGREED:**

DATED: September ___, 2018  _____
                                                              Plaintiff, Atzimba Reyes

DATED: September ___, 2018  _____
                                                              Defendant, Trader Joe's

**APPROVED AS TO FORM:**

DATED: September |4|, 2018  _____
                                                              L. Timothy Fisher
                                                              BURSOR & FISHER, PA
                                                              *Attorneys for Atzimba Reyes and the*
                                                              *Putative Settlement Class*

DATED: September ___, 2018  _____
                                                              Robert Parks
                                                              PARKS & SOLAR, LLP
                                                              *Attorneys for Trader Joe's*

28

If to Trader Joe's or Defendants' Counsel:

**PARKS & SOLAR LLP**
Robert J. Parks (State Bar No. 103014)
501 West Broadway, Suite 1540
San Diego, CA 92101
Telephone: (619) 501-2700
rparks@parksandsolar.com

IN WITNESS HEREOF the undersigned, being duly authorized and intending to be legally bound hereby, have caused this Settlement Agreement to be executed on the dates shown below and agree that it shall take effect on the date it is executed by all of the undersigned.

**APPROVED AND AGREED:**

DATED: September ___, 2018 _____
                                        Plaintiff, Atzimba Reyes

DATED: September ___, 2018 _____
                                        Defendant, Trader Joe's

**APPROVED AS TO FORM:**

DATED: September ___, 2018 _____
                                        L. Timothy Fisher
                                        BURSOR & FISHER, PA
                                        *Attorneys for Atzimba Reyes and the*
                                        *Putative Settlement Class*

DATED: September _14_, 2018 _____
                                        Robert Parks
                                        PARKS & SOLAR, LLP
                                        *Attorneys for Trader Joe's*

28

**EXHIBIT A**

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
E-Mail:  scott@bursor.com

*Interim Class Counsel*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Trader Joe's Tuna Litigation* | Case No. 2:16-cv-01371-ODW-AJW |
| | **[PROPOSED] SETTLEMENT APPROVAL ORDER AND FINAL JUDGMENT** |
| | Judge:  Hon. Otis D. Wright II |

On _____, 2018, this Court granted preliminary approval to the proposed class action settlement between the parties (the "Settlement Agreement").

The Court also provisionally certified a nationwide Settlement Class for settlement purposes, approved the procedure for giving notice and forms of Notice, and set a final approval hearing to take place on _____.  The Settlement Class is defined as:  "All persons in the United States who purchased Trader Joe's Tuna (*i.e.*, 5 oz. Trader Joe's Albacore Tuna in Water Salt Added, 5 oz. Trader Joe's Albacore Tuna in Water Half Salt, 5 oz. Trader Joe's Albacore Tuna in Water No Salt Added, 5 oz. Trader Joe's Albacore Tuna in Olive Oil Salt Added, 5 oz. Trader Joe's Skipjack Tuna in Water With Sea Salt, and 5 oz. Trader Joe's Yellowfin Tuna in Olive Oil Solid Light) from January 5, 2012 through the date on which class notice is disseminated."  Excluded from this definition are the "Released Persons," as defined in Section 1.18 of the Settlement Agreement.  Settlement Class Members who exclude themselves from the Settlement, pursuant to the procedures set forth in Section V of the Settlement Agreement, shall no longer thereafter be Settlement Class Members and shall not be bound by the Settlement Agreement and shall not be eligible to make a claim for any benefit under the terms of this Settlement Agreement.

On _____, the Court held a duly noticed final approval hearing to consider:  (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing the complaint on the merits and with prejudice in favor of the Defendants and against all persons or entities who are Settlement Class members herein who have not requested exclusion from the Settlement Class; and (3) whether and in what amount to award counsel for the Settlement Class as attorneys' fees and expenses and whether and in what amount to make an incentive award.

The Court, having considered all matters submitted to it at the hearing and otherwise, and it appearing that the Class Notice substantially in the form approved by the Court was given in the manner that the Court ordered to persons who purchased the Trader Joe's Tuna Products at issue, as ordered by the Court, and having considered and determined that the proposed settlement of the claims of the Settlement Class Members against the Defendants, as well as the release of the Defendants and the Released Persons, and the awards of attorneys' fees and expenses requested and incentive awards ordered, are fair, reasonable, and adequate, hereby ORDERS THAT:

1.     The Settlement Agreement, including the definitions contained therein, is incorporated by reference into this Settlement Approval Order and Final Judgment.

2.     The Court finds that the prerequisites for a settlement class under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23(a) and (b)(3) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiff Reyes are typical of the claims of the Settlement Class she seeks to represent; (d) Plaintiff Reyes has and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

3.     Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies this action, for purposes of settlement, as a nationwide class action on behalf of: "All persons in the United States who purchased Trader Joe's Tuna (*i.e.*, 5 oz. Trader Joe's Albacore Tuna in Water Salt Added, 5 oz. Trader Joe's Albacore Tuna in Water Half Salt, 5 oz. Trader Joe's Albacore Tuna in Water No Salt Added, 5 oz. Trader Joe's

3

Albacore Tuna in Olive Oil Salt Added, 5 oz. Trader Joe's Skipjack Tuna in Water With Sea Salt, and 5 oz. Trader Joe's Yellowfin Tuna in Olive Oil Solid Light) from January 5, 2012 through the date on which class notice is disseminated." Excluded from this definition are the Released Persons. Settlement Class Members who exclude themselves from the Settlement, pursuant to the procedures set forth in Section V of the Settlement Agreement, shall no longer thereafter be Settlement Class Members and shall not be bound by this Settlement Agreement and shall not be eligible to make a claim for any benefit under the terms of this Settlement Agreement.

4.     The Court appoints Bursor & Fisher, P.A. as counsel for the Settlement Class. The Court designates named Plaintiff Reyes as the Class Representative.

5.     Notice of the pendency of this action as a class action and of the proposed settlement was given to Settlement Class Members in a manner reasonably calculated to provide the best notice practicable under the circumstances. The form and method of notifying the Settlement Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Fed. R. Civ. P. 23, due process, and any other applicable law, and constituted due and sufficient notice to all persons and entities entitled thereto.

6.     The Settlement Agreement is approved as fair, reasonable and adequate, and the Settlement Class Members and the Parties are directed to consummate the Settlement Agreement in accordance with its terms and conditions.

7.     Pursuant to Fed. R. Civ. P. 23(h), the Court hereby awards Class Counsel attorneys' fees and expenses in the amount of $_____. The Court also orders payment of an incentive award in the amount of _____ to the Class Representative. These amounts are to be paid in the time and manner described in the Settlement Agreement.

4

8.    The Action is hereby dismissed with prejudice and without costs as against the Defendants and the Released Persons.

9.    The Class Representative and all Settlement Class Members (except any such person who has filed a proper and timely request for exclusion) are hereby permanently barred and enjoined from instituting, commencing, or prosecuting, either directly or in any other capacity, any and all of the Claims against any of the Released Persons.

10.    Effective as of the Final Settlement Approval Date, each and all of the Settlement Class Members (except any such person who has filed a proper and timely request for exclusion) shall release and forever discharge, and shall be forever barred from asserting, instituting, or maintaining against any or all of the Released Persons, any and all claims, demands, actions, causes of action, lawsuits, arbitrations, damages, or liabilities whether legal, equitable, or otherwise, arising from the factual allegations and/or legal claims made in the Action, or arising from similar or related allegations, claims, or causes of action, including without limitation any allegations of false, misleading, or deceptive advertising or violation of the Consumers Legal Remedies Act, allegations of under-filling of Trader Joe's Tuna and/or any allegations of damages arising from the purchase of any Trader Joe's Tuna at any time on or after January 5, 2012 and prior to the time the Class is notified (collectively, the "Released Claims").  In addition, upon the Final Settlement Approval Date, the Released Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Persons on the merits by virtue of the proceedings herein and this Settlement Approval Order and Final Judgment.

11.    Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or

statements referred to therein shall be:

a.  offered by any person or received against the Defendants as evidence or
construed as or deemed to be evidence of any presumption, concession, or
admission by the Defendants of the truth of the facts alleged by the Class
Representative or any Settlement Class Member or the validity of any
claim that has been or could have been asserted in the Action or in any
litigation, or other judicial or administrative proceeding, or the deficiency
of any defense that has been or could have been asserted in the Action or in
any litigation, or of any liability, negligence, fault, or wrongdoing of the
Defendants;

b.  offered by any person or received against the Defendants as evidence of a
presumption, concession, or admission of any fault, misrepresentation, or
omission with respect to any statement or written document approved or
made by the Defendants or any other wrongdoing by the Defendants;

c.  offered by any person or received against the Defendants or as evidence of
a presumption, concession, or admission with respect to any liability,
negligence, fault, or wrongdoing, or in any way referred to for any other
reason against any of the settling parties, in any civil, criminal, or
administrative action or proceeding; provided, however, that nothing
contained in this paragraph shall prevent the Settlement Agreement from
being used, offered, or received in evidence in any proceeding to approve,
enforce, or otherwise effectuate the Settlement or the Settlement Approval
Order and Final Judgment, or in which the reasonableness, fairness, or
good faith of the parties in participating in the Settlement (or any
agreement or order relating thereto) is an issue, or to enforce or effectuate

6

provisions of the Settlement, the Settlement Approval Order and Final Judgment, the releases as to the Released Persons.

12.     Without affecting the finality of Settlement Approval Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) the disposition of the settlement benefits; (b) the settling parties for purposes of construing, enforcing and administering the Settlement Agreement; and (c) enforcement of the Stipulation Regarding Undertaking Re: Attorneys' Fees and Costs.

13.     Without further order of the Court, the settling parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

14.     In the event that the Final Settlement Approval Date does not occur, this Settlement Approval Order and Final Judgment shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered in connection herewith, except the Stipulation Regarding Undertaking Re: Attorneys' Fees and Costs, shall be null and void.

DONE this ___ day of _____, 2018.


_____

Hon. Otis D. Wright II

**EXHIBIT B**

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
E-Mail:  scott@bursor.com

*Interim Class Counsel*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Trader Joe's Tuna Litigation* | Case No. 2:16-cv-01371-ODW-AJW |
| | **STIPULATION REGARDING UNDERTAKING RE: ATTORNEYS' FEES AND COSTS** |
| | Judge:  Hon. Otis D. Wright II |

1        Plaintiff Atzimba Reyes and Defendants Trader Joe's Company and Trader Joe's

2  East Inc. (collectively, "Trader Joe's") (together with Atzimba Reyes, the "Parties"), by

3  and through and including their undersigned counsel, stipulate and agree as follows:

4        WHEREAS, Bursor & Fisher P.A. ("Class Counsel") and Scott A. Bursor desire

5  to give an undertaking (the "Undertaking") for repayment of their award of attorneys'

6  fees and costs, approved by the Court, and

7        WHEREAS, the Parties agree that this Undertaking is in the interests of all

8  Parties and in service of judicial economy and efficiency.

9        NOW, THEREFORE, each of the undersigned Class Counsel, on behalf of

10  themselves as individuals and as agents for their law firm, hereby submit themselves

11  and their respective law firms to the jurisdiction of the Court for the purpose of

12  enforcing the provisions of this Undertaking.

13        Capitalized terms used herein without definition have the meanings given to them

14  in the Settlement Agreement.

15        By receiving any payments pursuant to the Settlement Agreement, Bursor &

16  Fisher, P.A. and its shareholders, members, and/or partners submit to the jurisdiction of

17  the United States District Court for the Central District of California for the enforcement

18  of and any and all disputes relating to or arising out of the reimbursement obligation set

19  forth herein and the Settlement Agreement.

20        The obligations of Class Counsel and Scott A. Bursor are joint and several.

21        In the event that the final Settlement Approval Order and Final Judgment or any

22  part of it is vacated, overturned, reversed, or rendered void as a result of an appeal, or

23  the Settlement Agreement is voided, rescinded, or otherwise terminated for any other

24  reason, Class Counsel shall, within thirty (30) days repay to Trader Joe's, based upon

25  written instructions provided by Defendants' Counsel, the full amount of the attorneys'

26

2

27  STIPULATION REGARDING UNDERTAKING RE: ATTORNEYS' FEES AND COSTS
CASE NO. 2:16-cv-01371-ODW-AJW

28

fees and costs paid by Trader Joe's to Class Counsel, including any accrued interest.

In the event the attorney fees and costs awarded by the Court or any part of them are vacated, modified, reversed, or rendered void as a result of an appeal, Class Counsel shall within thirty (30) days repay to Trader Joe's, based upon written instructions provided by Defendants' Counsel, the attorneys' fees and costs paid by Trader Joe's to Class Counsel and/or the Class Representative in the amount vacated or modified, including any accrued interest.

This Undertaking and all obligations set forth herein shall expire upon finality of all direct appeals of the final Settlement Approval Order and Final Judgment.

In the event Class Counsel fails to repay to Trader Joe's any of attorneys' fees and costs that are owed to it pursuant to this Undertaking, the Court shall, upon application of Trader Joe's, and notice to Class Counsel, summarily issue orders, including but not limited to judgments and attachment orders against each of Class Counsel, and may make appropriate findings for sanctions for contempt of court.

The undersigned stipulate, warrant, and represent that they have both actual and apparent authority to enter into this stipulation, agreement, and undertaking on behalf of Bursor & Fisher, P.A.

This Undertaking may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  Signatures by facsimile shall be as effective as original signatures.

The undersigned declare under penalty of perjury under the laws of the United States that they have read and understand the foregoing and that it is true and correct.

STIPULATION REGARDING UNDERTAKING RE: ATTORNEYS' FEES AND COSTS
CASE NO. 2:16-cv-01371-ODW-AJW

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:

DATED: September____, 2018     _____

Scott A. Bursor, on behalf of
BURSOR & FISHER, P.A.
*Attorneys for Atzimba Reyes and the*
*Putative Settlement Class*

DATED: September____, 2018     _____

Scott A. Bursor

DATED: September 14, 2018      _____

Robert Parks
PARKS & SOLAR, LLP
*Attorneys for Trader Joe's*

4

STIPULATION REGARDING UNDERTAKING RE: ATTORNEYS' FEES AND COSTS
CASE NO. 2:16-cv-01371-ODW-AJW