**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr., Suite 220
Miami, FL 33133
Telephone: (305) 330-5512
E-Mail: scott@bursor.com

*Interim Class Counsel*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Trader Joe's Tuna Litigation* | Case No. 2:16-cv-01371-ODW-AJW |
| | **SUPPLEMENTAL BRIEF IDENTIFYING *CY PRES* RECIPIENT IN FURTHER SUPPORT OF RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| | Date: October 28, 2019 |
| | Time: 1:30 p.m. |
| | Courtroom: 5D, 5th Floor |
| | Judge: Hon. Otis D. Wright II |

In a September 12, 2019 Minute Order, the Court noted that "[t]he Settlement Agreement and the Renewed Motion [for Preliminary Approval of Class Action Settlement] do not identify a proposed charity or provide for the Court's approval of the *cy pres* distribution." Dkt. 100. As such, "the parties [were] Ordered to meet and confer" and "file a Supplemental Brief identifying the proposed charity or charities and addressing the legal standards governing *cy pres* distributions." *Id.* (emphasis omitted). For the reasons set forth below, the parties have selected Feeding America as their proposed *cy pres* recipient, which is a nationwide network of 200 food banks that provides food to more than 46 million people through 60,000 food pantries and meal programs in communities across America. Fisher Decl. ¶ 2.

The Settlement Agreement provides that checks that "are not cleared within one hundred eighty (180) days" shall "be donated to a charity agreed upon by Class Counsel, Defendants counsel, and the Settlement Administrator:"

> <u>Cash Benefit – Uncleared Checks</u>. Those Settlement Class Members whose cash benefit checks are not cleared within one hundred eighty (180) days after issuance shall be ineligible to receive a cash settlement benefit, and Trader Joe's shall have no further obligation to make any payment pursuant to this Settlement Agreement or otherwise to such Settlement Class Members. All unpaid funds from uncleared checks shall be donated to a charity agreed upon by Class Counsel, Defendants' Counsel, and the Settlement Administrator.

7/23/19 Fisher Decl., Ex. 1, ¶ 2.7 (Dkt. 99-2).

The Ninth Circuit has recognized that "[i]n the context of class action settlements, a court may employ the *cy pres* doctrine to 'put the unclaimed fund to its next best compensation use, e.g., for the aggregate, indirect, prospective benefit of the class.'" *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1038 (9th Cir. 2011) (quoting *Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 436 (2d Cir. 2007); 2 Herbert B. Newberg & Alba Conte, Newberg on Class Actions § 10:17 (4th ed.

2002)). *Cy pres* distributions that are part of a class action settlement require court approval, where they are subject to a standard of review for abuse of discretion. See *Nachshin,* 663 F.3d at 1038; *see also Dennis v. Kellogg Co.*, 697 F.3d 858, 861 (9th Cir. 2012).

However, the Ninth Circuit cautions that "the *cy pres* doctrine – unbridled by a driving nexus between the plaintiff class and the *cy pres* beneficiaries – poses many nascent dangers to the fairness of the distribution process," which may occur when some courts "abandon[] the 'next best use' principle implicit in the *cy pres* doctrine" and "award[] *cy pres* distributions to myriad charities, though no doubt pursuing virtuous goals, [that] have little or nothing to do with the purposes of the underlying lawsuit or the class of plaintiffs involved." *Nachshin*, 663 F.3d at 1038-39 (citing *In re Motorsports Merch. Antitrust Litig.*, 160 F.Supp.2d 1392, 1396-99 (N.D. Ga. 2001) (distributing $1.85 million remaining from a price fixing class action settlement relating to merchandise sold at professional stock car races to ten organizations including the Duke Children's Hospital and Health Center, the Make-a-Wish Foundation, the American Red Cross, and the Susan G. Komen Breast Cancer Foundation); *Superior Beverage Co., Inc. v. Owens-Illinois, Inc.*, 827 F. Supp. 477, 480 (N.D. Ill. 1993) (awarding $2 million from an antitrust class action settlement to fifteen applicants, including the San Jose Museum of Art, the American Jewish Congress, a public television station, and the Roger Baldwin Foundation of the American Civil Liberties Union of Illinois)). The resulting harm is twofold. "When [the] selection of *cy pres* beneficiaries is not tethered to the nature of the lawsuit and the interests of the silent class members, the selection process may answer to the whims and self interests of the parties, their counsel, or the court," and "the specter of judges and outside entities dealing in the distribution and solicitation of settlement money may create the appearance of impropriety." *Nachshin,* 663 F.3d at 1039.

CASE NO. 2:16-CV-01371-ODW-AJW

2

Proper *cy pres* distributions "must be guided by (1) the objectives of the underlying statute(s) and (2) the interests of the silent class members." *Id.* at 1039 (citing *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1307 (9th Cir. 1990). Stated otherwise, "*[c]y pres* distributions must account for the nature of the plaintiffs' lawsuit, the objectives of the underlying statutes, and the interests of the silent class members, including their geographic diversity." *Id.* at 1036; *see also Dennis*, 697 F.3d at 865 (noting there must be "a driving nexus between the plaintiff class and the *cy pres* beneficiaries"). That said, the Ninth Circuit does "not require as part of that doctrine that settling parties select a *cy pres* recipient that the court or class members would find ideal" – as "such an intrusion into the private parties' negotiations would be improper and disruptive to the settlement process" – but rather "a *cy pres* remedy must be the 'next best distribution' of settlement funds means only that a district court should not approve a *cy pres* distribution unless it bears a substantial nexus to the interests of the class members." *Lane v. Facebook, Inc.*, 696 F.3d 811, 821 (9th Cir. 2012) (underlining added). For example, in *Lane*, a class action concerning online privacy, the Ninth Circuit held that *cy pres* funds were proper when used to "set up a new charity" to "fund and sponsor programs designed to educate users, regulators, and enterprises regarding critical issues relating to protection of identity and personal information." *Id.* at 817, 822 ("[T]hat mission statement provides the requisite nexus between the *cy pres* remedy and the interests furthered by the plaintiffs' lawsuit consistent with the principles we announced in *Nachshin*.").

Here, the parties have selected Feeding America as their proposed *cy pres* beneficiary. The third-party watchdog website Charity Navigator gives Feeding America high marks (i.e., a score of 94.28 out of 100), and describes Feeding America as a "nationwide network of 200 food banks that leads the fight against hunger in the United States" that "provide[s] food to more than 46 million people through 60,000

food pantries and meal programs in communities across America." Fisher Decl. ¶ 2. Feeding America also "supports programs that improve food security among the people [it] serve[s]; educates the public about the problem of hunger; and advocates for legislation that protects people from going hungry." *Id.*

Initially, Feeding America was already approved as an appropriate *cy pres* recipient by Judge Beth Labson Freeman in the matter captioned *Ehder Soto v. Wild Planet Foods, Inc.*, 5:15-cv-05082 (N.D. Cal. Dec. 5, 2018). *See* Fisher Decl. Ex. 1 (*Soto* order regarding *cy pres* funds). Similar to the present matter, the *Soto* case concerned allegations that 5-ounce cans of Wild Planet-brand canned tuna were underfilled. *See* Fisher Decl. Ex. 2 (*Soto* complaint). Accordingly, Judge Freeman concluded that a nationwide network of food banks was appropriate to receive *cy pres* funds.

As with the *Soto* matter, the Feeding America network of food banks is an appropriate *cy pres* recipient because this case concerns similar allegations that Defendants' 5-ounce canned tuna is underfilled. *See* Second Amended Complaint, ¶ 30 ("Trader Joe's Tuna is underfilled and thus substantially underweight [and] does not contain an adequate amount of tuna for a 5-ounce can ….") (Dkt. 55).[1] Thus, the parties' proposed selection "account[s] for the nature of the plaintiffs' lawsuit" and "the objectives of the underlying statutes." *Nachshin*, 663 F.3d at 1036. The Plaintiff in this matter is not complaining that her canned tuna is somehow undesirable or defective – rather, Plaintiff alleges that she *did not receive enough tuna*. *See* Second Amended Complaint, ¶ 1. Likewise, Plaintiff and the class seek to recover for the amount their cans were allegedly underfilled. *See id.* ¶ 31 ("Plaintiffs and Class members have been injured and harmed because ... they paid a price premium for Trader Joe's Tuna due to Defendants' promises that it contained an adequate amount of tuna for a 5-ounce can."). Given these allegations, a *cy pres* recipient such as a

---

[1] Defendants deny these allegations.

food bank – whose mission is to provide food to underserved communities – is an apt match to the nature of the factual and legal claims asserted.  For these same reasons, the selection of Feeding America is also in "the interests of the silent class members, including their geographic diversity."  Given that the proposed settlement class is nationwide, a nationwide network of food banks like Feeding America best represents the interests of the silent class members.  *Nachshin*, 663 F.3d at 1036.

The Court should grant preliminary approval to the proposed settlement, and should approve the parties' choice of Feeding America as the proposed *cy pres* recipient.

Dated:  October 4, 2019

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:      */s/ L. Timothy Fisher*
        L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr., Suite 220
Miami, FL  33133
Telephone: (305) 330-5512
Email:  scott@bursor.com

*Interim Class Counsel*