**JS-6**
**O**

NOTE: CHANGES HAVE BEEN
MADE TO THIS DOCUMENT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Trader Joe's Tuna Litigation* | Case No. 2:16-cv-01371-ODW-AJW |
| | **SETTLEMENT APPROVAL ORDER AND FINAL JUDGMENT** |
| | Date:  September 14, 2020<br>Time:  1:30 p.m.<br>Courtroom:  5D, 5th Floor<br>Judge:  Hon. Otis D. Wright II |

On January 14, 2020, this Court granted preliminary approval to the proposed class action settlement between the parties (the "Stipulation for Class Action Settlement," or the "Settlement Agreement").[1]

The Court also provisionally certified a nationwide Settlement Class for settlement purposes, approved the procedure for giving notice and forms of Notice, and set a final approval hearing to take place on September 14, 2020.  The Settlement Class is defined as:  "All persons in the United States who purchased Trader Joe's Tuna (*i.e.*, (i) 5-oz. canned Trader Joe's Albacore Tuna in Water Salt Added, (ii) 5-oz. canned Trader Joe's Albacore Tuna in Water Half Salt, (iii) 5-oz. canned Trader Joe's Albacore Tuna in Water No Salt Added, (iv) 5-oz. canned Trader Joe's Albacore Tuna in Olive Oil Salt Added, (v) 5-oz. canned Trader Joe's Skipjack Tuna in Water With Sea Salt, and (vi) 5-oz. canned Trader Joe's Yellowfin Tuna in Olive Oil Solid Light) from January 5, 2012 through the date on which class notice is disseminated."  Excluded from this definition are the "Released Persons," as defined in Section 1.18 of the Settlement Agreement.  Settlement Class Members who exclude themselves from the Settlement, pursuant to the procedures set forth in Section V of the Settlement Agreement, shall no longer thereafter be Settlement Class Members and shall not be bound by the Settlement Agreement and shall not be eligible to make a claim for any benefit under the terms of this Settlement Agreement.

On September 14, 2020, the Court held a duly noticed final approval hearing to consider:  (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing the

---

[1] All capitalized terms herein that are not otherwise defined have the definitions set forth in the Stipulation for Class Action Settlement, which is incorporated herein in its entirety and made part of this Order by reference.  *See* 6/10/20 Deckant Decl., Ex. 1 (Dkt. 109-2).

complaint on the merits and with prejudice in favor of the Defendants and against all persons or entities who are Settlement Class members herein who have not requested exclusion from the Settlement Class; and (3) whether and in what amount to award counsel for the Settlement Class as attorneys' fees and expenses and whether and in what amount to make an incentive award.

The Court, having considered all matters submitted to it at the hearing and otherwise, and it appearing that the Class Notice substantially in the form approved by the Court was given in the manner that the Court ordered to persons who purchased the Trader Joe's Tuna Products at issue, as ordered by the Court, and having considered and determined that the proposed settlement of the claims of the Settlement Class Members against the Defendants, as well as the release of the Defendants and the Released Persons, and the awards of attorneys' fees and expenses requested and incentive awards ordered, are fair, reasonable, and adequate, hereby **ORDERS THAT**:

1.     The Settlement Agreement, including the definitions contained therein, is incorporated by reference into this Settlement Approval Order and Final Judgment.

2.     The Court finds that the prerequisites for a settlement class under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23(a) and (b)(3) have been satisfied in that:  (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiff Reyes are typical of the claims of the Settlement Class she seeks to represent; (d) Plaintiff Reyes has and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

3.     Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies this action, for purposes of settlement, as a nationwide class action on behalf of:  "All

persons in the United States who purchased Trader Joe's Tuna (*i.e.*, (i) 5-oz. canned Trader Joe's Albacore Tuna in Water Salt Added, (ii) 5-oz. canned Trader Joe's Albacore Tuna in Water Half Salt, (iii) 5-oz. canned Trader Joe's Albacore Tuna in Water No Salt Added, (iv) 5-oz. canned Trader Joe's Albacore Tuna in Olive Oil Salt Added, (v) 5-oz. canned Trader Joe's Skipjack Tuna in Water With Sea Salt, and (vi) 5-oz. canned Trader Joe's Yellowfin Tuna in Olive Oil Solid Light) from January 5, 2012 through the date on which class notice is disseminated." Excluded from this definition are the Released Persons. Settlement Class Members who exclude themselves from the Settlement, pursuant to the procedures set forth in Section V of the Settlement Agreement, shall no longer thereafter be Settlement Class Members and shall not be bound by this Settlement Agreement and shall not be eligible to make a claim for any benefit under the terms of this Settlement Agreement.

4. The Court appoints Bursor & Fisher, P.A. as counsel for the Settlement Class. The Court designates named Plaintiff Reyes as the Class Representative.

5. Notice of the pendency of this action as a class action and of the proposed settlement was given to Settlement Class Members in a manner reasonably calculated to provide the best notice practicable under the circumstances. The form and method of notifying the Settlement Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Fed. R. Civ. P. 23, due process, and any other applicable law, and constituted due and sufficient notice to all persons and entities entitled thereto.

6. The Settlement Agreement is approved as fair, reasonable and adequate, and the Settlement Class Members and the Parties are directed to consummate the Settlement Agreement in accordance with its terms and conditions.

7. Any funds from settlement checks remaining uncleared after 180 days from issuance shall be donated to Feeding America.

8.      Pursuant to Fed. R. Civ. P. 23(h), the Court hereby awards Class Counsel attorneys' fees of $351,000 and expenses in the amount of $10,271.67.  The Court also orders payment of an incentive award in the amount of $5000 to the Class Representative.   Administrator Costs are approved in the amount of $424,532.47.  These amounts are to be paid in the time and manner described in the Settlement Agreement.

9.      The Action is hereby dismissed with prejudice and without costs as against the Defendants and the Released Persons.

10.     The Class Representative and all Settlement Class Members (except any such person who has filed a proper and timely request for exclusion) are hereby permanently barred and enjoined from instituting, commencing, or prosecuting, either directly or in any other capacity, any and all of the Claims against any of the Released Persons.

11.     Effective as of the Final Settlement Approval Date, each and all of the Settlement Class Members (except any such person who has filed a proper and timely request for exclusion) shall release and forever discharge, and shall be forever barred from asserting, instituting, or maintaining against any or all of the Released Persons, any and all claims, demands, actions, causes of action, lawsuits, arbitrations, damages, or liabilities whether legal, equitable, or otherwise, arising from the factual allegations and/or legal claims made in the Action, or arising from similar or related allegations, claims, or causes of action, including without limitation any allegations of false, misleading, or deceptive advertising or violation of the Consumers Legal Remedies Act, allegations of under-filling of Trader Joe's Tuna and/or any allegations of damages arising from the purchase of any Trader Joe's Tuna at any time on or after January 5, 2012 and prior to the time the Class is notified (collectively, the "Released Claims").  In addition, upon the Final Settlement Approval Date, the Released Claims are hereby compromised, settled, released, discharged and dismissed as against the

Released Persons on the merits by virtue of the proceedings herein and this Settlement Approval Order and Final Judgment.  Settlement Class Members shall be deemed to have waived and relinquished the rights and benefits of California Civil Code section 1542 and equivalent provisions under other state or federal law.  Each and every term of this paragraph shall inure to the benefit of each and all of the Released Persons, and each and all of their respective successors, assigns, and personal representatives, which persons and entities are intended to be beneficiaries of this paragraph.

12.    Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

a.    offered by any person or received against the Defendants as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by the Defendants of the truth of the facts alleged by the Class Representative or any Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants;

b.    offered by any person or received against the Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by the Defendants or any other wrongdoing by the Defendants;

c.    offered by any person or received against the Defendants or as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason against any of the settling parties, in any civil, criminal, or

administrative action or proceeding; provided, however, that nothing contained in this paragraph shall prevent the Settlement Agreement from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the Settlement or the Settlement Approval Order and Final Judgment, or in which the reasonableness, fairness, or good faith of the parties in participating in the Settlement (or any agreement or order relating thereto) is an issue, or to enforce or effectuate provisions of the Settlement, the Settlement Approval Order and Final Judgment, the releases as to the Released Persons.

13.     Without affecting the finality of Settlement Approval Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over:  (a) the disposition of the settlement benefits; (b) the settling parties for purposes of construing, enforcing and administering the Settlement Agreement; and (c) enforcement of the Stipulation Regarding Undertaking Re: Attorneys' Fees and Costs.

14.     Without further order of the Court, the settling parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

15.     In the event that the Final Settlement Approval Date does not occur, this Settlement Approval Order and Final Judgment shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered in connection herewith, except the Stipulation Regarding Undertaking Re: Attorneys' Fees and Costs, shall be null and void.

Dated: October 7, 2020.

_____
Honorable Otis D. Wright II
United States District Judge